GALE v. DAVIS.

A person who enters upon the land of the United States, and keeps possession without any valid claim or title, is a trespasser, and may be sued in trespass quare clausum fregit, by a purchaser from the United States, for an injury to the freehold, after the purchase.

Error to the Circuit Court of Scotland county.

GLOVER for Plaintiff.

*Opinion of the Court, delivered by Tompkins, Judge.*

This was a suit commenced by Davis against Gale before a justice of the peace. Judgment was rendered for Gale, and Davis appealed to the circuit court, where Davis obtained a judgment, to reverse which Gale has sued out this writ of error.

On the trial of this cause, it was proved that Davis, the plaintiff in the circuit court and the defendant in error, purchased from the United States the east half of the south east quarter of section No. 12, in township No. 64, and range No. 12, west; and that, afterwards, Gale had carried away rails from said land. The defendant, Gale, gave evidence that he had occupied this land before it was divided into sections by the United States, and made a field thereon, and inclosed it with rails, for which this suit was brought. That Gale expected to hold a preemption there; that he did hold one quarter section, (on which the greater part of said field lay,) by purchase from the United States; that Gale kept the entire possession of the field so made and inclosed, from the time he made the improvement till he carried away the rails in question. The plaintiff, Davis, moved the circuit court to instruct the jury, that if they believed that Davis entered the land in the declaration mentioned, with the receiver of the proper land office, and that Gale afterwards entered upon the said land and took and carried away the said rails without Davis' consent, and converted them to his own use, they must find for the plaintiff, Davis, altho' they may believe from the evidence that Gale made said fence before Davis' entry with the receiver.

The circuit court gave the instruction above asked by the plaintiff, and refused a counter instruction asked by the defendant, Gale.

The counsel for the plaintiff in error seems to rest his case upon the circumstance that Gale was (in his language) "a bona fide settler on the land entered by Davis,"

---

*Napton, Judge, absent from the bench.

47

and adds, "will he be precluded?" and refers to 6 Mo. Rep. 588.

What he means by a "bona fide settler," I freely admit that I do not understand. The case referred to in 6 Mo. Rep., is Turley v. Tucker, in which it was dicided that Turley, who had cut down a number of trees on the land of the United States, intending them for his own use, could not maintain an action against Tucker, who had carried them away to his own mill and appropriated them.

In 6 Bacon, p. 566, title Trespass, it is said, that the person in whom the freehold of land is, cannot maintain an action of trespass quare clausum fregit, for an injury done to the land whilst it was in the possession of an another." The American authorities referred to are, 1 Johnson, 511, Campbell v. Arnold ; and 3 Johnson, 468, Tobey v. Webster. The first case, cited in Bacon, which is also cited for the plaintiff in error, shows "that a lessor cannot maintain trespass quare clausum fregit against a stranger for cutting down and carrying away trees while there is a tenant in possession." The court in that case say, "A general property, in the case of real estate, is not, as in the case of personal property, sufficient to support this action. Admitting the fee of the land to be in the plaintiff, his remedy for an injury to the freehold must be either against his tenant, or against the defendant, in a different form of action. To the same purpose is the case of Tobey v. Webster, and the case of Con v. Goes, cited in Van Brenet v. Schurk, 11 Johnson, 384, and the case of Hickam v. Freeman, 12 Johnson, 183 ; both of which last cases are relied on by the counsel for the plaintiff in error. If the plaintiff in error can show himself in like situation with the defendant in the above cited cases, then they will be authority for him.

If at the time he carried away these rails, there were any person holding the land, either under the United States before the sale to Davis, or under Davis, since the sale, then the action would not lie. But no such thing is pretended. It is in evidence that he obtained a right of pre-

emption on an adjoining quarter section, snd instead of being content with that, he lays claim on that account to the adjoining land.

It is admitted that a patent from the United States gives a right of possession.   The case of Green v. Liter, relied on by the plaintiff in error, like the others, is any thing else than a help to him.   At page 246, 8 Cranch, Judge Story says, in speaking of entries on lands, "The same is the result of conveyances deriving their effect under the statute of uses ; for there, without actual entry or livery of seizen, the bargainer has a complete seizen in deed."   Our statute, indeed, gives to the holder of the receiver's receipt the same right to sue that he could have with a patent in his hand.   See second section of the act regulating ejectment, p. 134 of the Digest.   But the whole mistake arises in considering this trespasser under the character of a tenant under the United States.   By his trespass, he gained no right against the United States, and therefore can derive none from them against Davis, their vendee.   Unless, therefore, he can show an authority to hold this land under the United States, previous to the sale by them to Davis, he does not hold by such claim as will deprive Davis of his right to sue in trespass.

If we regard the morality of the thing, it is highly presumptuous in the plaintiff in error to set up such a defence. It is in evidence, that he settled on an adjoining quarter section, and obtained on it a pre-emption ; now, not content with that, he claims the possession of the adjoining half-quarter section which another had purchased, and the consideration and whole merit of his claim to the possession is, that he had been a trespasser thereon.

The judgment of the circuit court ought in my opinion to be affirmed.