## WILLIAM G. KOLB v. RICHARD BANKHEAD.

Where the plaintiff gave in evidence a deed to himself, and proved his possession of the land subsequent to the date thereof, until within a short time before the alleged trespass, and his title appeared to be notorious, and the discontinuance of his possession was explained in such a manner as to raise no presumption against his right, it was held that there was sufficient evidence of title to enable the plaintiff to maintain a suit for damages for cutting timber.

There was no necessity to allege the value of the timber cut and carried off the plaintiff's land. The injury done to the plaintiff's possession was the gist of the action, and the value of the timber was admissible in proof of the damage sustained (which was laid at $1000.)

In an action of trespass for cutting down and carrying off timber from the land of another, where the defendant has wilfully or by gross negligence cut over his own line on the land of the plaintiff, the amount to be recovered is not confined to mere compensation for the injury done to the land, or the value of the timber.

Where A professing to sell timber trees from his own land, points out to the purchaser timber trees upon the land of another, which are cut and carried off by the purchaser, A is responsible in an action for damages, in the same manner as if he had himself cut and carried off the timber.

We, the jury, find the defendant guilty, and impose a fine of one hundred dollars, is a good verdict in an action of trespass for cutting timber.

Appeal from Freestone. Tried below before the Hon. Henry J. Jewett.

Suit by appellee against appellant, for that (after describing the land and alleging title and possession thereof in plaintiff) your petitioner being so the lawful owner and possessor of said land, the said Kolb, on or about the third day of April, A. D. 1854, with force and arms unlawfully entered the close of your petitioner on said land, and with force and arms, did unlawfully cut and fell the timber then and there growing upon said land, and, with force and arms, then and there unlawfully removed

the same from the said premises of your petitioner, and appropriated the same to his own use, greatly to the injury of said land and damage of your petitioner, one thousand dollars. Wherefore suit is brought and your petitioner prays judgment against said Kolb for one thousand dollars as his damages aforesaid, and for such other relief as he is entitled, and for all costs of suit, &c. The defendant pleaded not guilty.

At the trial plaintiff gave in evidence a deed from Reuben Vest to himself for the land described in the petition, dated December 16th, 1852, "being the same tract of land conveyed "to said Vest by Mason W. Vann, by deed dated April 6th, "1851." Filed for record January 8th, 1853. The testimony as to plaintiff's possession was as follows :

A witness for plaintiff testified, that he was acquainted with the Bankhead tract on Keechi ; that it joins the Kolb tract, and is generally known as the Vest tract, purchased by Bankhead from Vest. Bankhead lived on the place in 1852 and 1853 ; made a crop on it in 1853 ; made his improvements in 1853 ; that about January, 1854, Bankhead's wife died, and shortly afterwards Bankhead left the place with his children, but did not move all of his things away ; but did not know when Bankhead got all of his things away.

The other witnesses always spoke of the land as belonging to the plaintiff. No person was living on the land at the time. The circumstances of the cutting of the timber were, that a wagon and carriage maker applied to defendant to purchase some timber trees, for which he paid him one dollar a-piece ; that they went to a certain place, which was undoubtedly the land of defendant, and finding no timber fit for the witness's purpose, went further up the bottom, until they found suitable timber, which afterwards proved to be from one to two hundred yards over the line, upon plaintiff's land. The only witness who stated value, estimated the damage done to plaintiff's land at $25. It was not very clear whether the defendant got over the line wilfully or from inattention.

The Judge charged the jury, without request, as follows :

1st. That it is necessary for the plaintiff Bankhead to prove substantially the averments of the petition as to the ownership of the land, and the alleged trespass committed by defendant or any person acting by or under his permission.

2d. The introduction of the deed and identification of the land described therein, raises a presumption that title and ownership of the premises is vested in the plaintiff.

3d. The title of land draws with it the possession, and the owner of land, although he is not actually in its occupation by himself or any other person for him, is protected by law in such constructive possession, and any unlawful intrusion or trespass upon such premises, gives the owner a right to recover from such trespasser lawful, adequate damages.

4th. That the defendant is liable for the acts of persons acting under him or by his direction or permission, or if he subsequently ratified or approved them, and the jury might find for the plaintiff, if such be the evidence.

5th. If the jury find for the plaintiff, the material point for them to decide is the amount of damages to be awarded plaintiff ; whether light or heavy damages.

6th. The measure of damages may be the real or actual injury sustained by the owner of the land in consequence of the alleged trespass, and then the jury may determine from the facts or circumstances in evidence, whether they will add to the actual injury or loss to the owner any additional amount by way of heavy or vindictive damages. In no event can the plaintiff recover more than the amount claimed in the petition, one thousand dollars.

7th. In estimating the damages, the jury may consider whether the land is worth any less, and how much, in consequence of the alleged trespass, than it was before, and in order to ascertain the real injury sustained by the owner.

8th. If the jury can find from the facts and circumstances in evidence, that there was any unusual negligence, or carelessness

Kolb v. Bankhead.

on the part of defendant in directing persons, acting under him, where to cut timber, and by reason of such negligence, timber was cut on plaintiff's land, these facts may go to raise the damages above the actual loss or injury to the owner, but how much above such loss the jury are to determine from all the facts and circumstances of the case.

9th. The jury cannot find any large amount of damages above the actual injury, unless the facts and circumstances go to show that defendant wilfully and knowingly directed persons acting under him to cut timber on plaintiff's land, or wilfully permitted or approved the alleged trespass.

10th. If the jury believe from the facts and circumstances in evidence, that the alleged trespass was committed by inadvertence or mistake, they cannot assess the damages above the actual injury or loss sustained by the owner.

The defendant asked instructions to the contrary of those given, which were refused. The jury returned a verdict as follows : " We, the jury, find the defendant guilty, and impose a fine of one hundred dollars," for which plaintiff had judgment. Motion for new trial overruled, one ground of which motion was that the verdict was informal and insufficient.

There was a bill of exceptions to the admission of evidence of the value of the timber cut, the ground of the objection being that the value thereof was not alleged in the petition.

*G. F. Moore*, for appellant.

*J. C. Walker*, for appellee.

WHEELER, J. The principal question is, whether it was necessary, to enable the plaintiff to maintain this action, that he should have deraigned his title from the Government. And we are of opinion that it was not. He had been in possession, holding under a deed of conveyance purporting to be from the original grantee, duly proved and recorded. His title was

generally known and recognized, and his actual possession continued down to a period shortly before the trespass ; and its discontinuance is explained in such a manner as to raise no presumption against his right.    The deed, the prior possession, and the general notoriety and recognition of his ownership, were sufficient *prima facie* evidence of title, carrying with it constructively the legal possession, to maintain trespass, against a mere stranger and wrong-doer.    It has been held that an entry upon land under a deed, claiming title to the same, and cutting and selling timber from time to time, and exercising acts of ownership, is a sufficient possession to maintain an action of trespass *quare clausum fregit* against a stranger.    (Sawyer v. Newland, 9 Verm. 382 ; 2 Greenl. Ev. 618.)

There was no necessity to allege the value of the timber cut and carried off the plaintiff's land.    The injury done to the plaintiff's possession was the gist of the action ; and the value of the timber was admissible in proof of the damage sustained.

The proof as to boundaries was sufficient.    The plaintiff's line was known and plainly marked.    It was the recognized dividing line between the plaintiff and defendant ; and was sufficiently proved to be the same claimed by the plaintiff in his petition.    The *locus* was sufficiently identified by the proof.

In estimating the damages, the jury were not confined strictly to mere compensation for the timber cut and removed. It was their right to look to the particular circumstances of the case, and give such damages as the facts were deemed by them to warrant, and as would, in their judgment, be adequate, not only for compensation, but also for prevention.

We see nothing in the charge of the Court considered, as a whole and in reference to the evidence, calculated to mislead ; and are of opinion that the judgment be affirmed.

Judgment affirmed.