DREYER *et al.*, Respondents, v. MING, Appellant.

1. A. claiming to own land belonging to B. sells timber on said land to C., who cuts and removes the same : *held*, that A. may be held liable to B., as a principal trespasser, for the timber so cut and taken away.

*Appeal from Franklin Circuit Court.*

This was an action in the nature of an action of trespass, for wrongfully and without leave entering upon the land of plaintiffs, and cutting and carrying away timber, &c. The answer, after denying the facts stated in the petition, sets up an ownership of the land in defendants. It appeared in evidence on the trial, that plaintiff had a patent for the land from the United States ; that timber had been cut on the land for railroad ties by one Richard Crews ; that said Crews had purchased the right to cut and carry away said timber from defendant, who claimed to have a tax title to said land ; that he had paid to defendant $420 for ties so cut and carried away. The court, upon the motion of plaintiff, gave the following instructions : "1. If the jury find from the evidence that defendant Ming sold the timber, for which the action is brought, to Crews, and that Crews, after such purchase, proceeded to commit the trespass under the purchase from Ming, they will find for the plaintiff. 2. If the jury find that Ming, claiming to be the owner of the land on which the trespass was committed, and as such owner, sold the timber to Crews, who took and carried

away the same, they will find for plaintiff the value of the timber so taken by Crews."

The court refused the following instructions asked by defendant: "1. If the jury believe from the evidence that Crews purchased of Ming his right to the timber on the land in controversy, being willing to risk Ming's title, and that, under the belief that his right was good, committed the trespass complained of, he alone is responsible for the trespass and not Ming, and they must find for the defendant. 2. The jury, in order to convict Ming of the trespass complained of, must believe from the evidence, either that Ming was the actual trespasser, or that Crews was his agent, or that the trespass was committed by the counsel, advice, instigation, or procurement of Ming, and unless they so believe, they must find for the defendant."

Exceptions were duly taken. The jury gave a verdict for plaintiff.

*N. Holmes*, for appellant.

I. The trespass must be proved to have been committed by the defendant, or by his orders, or at his instigation. The same rule prevails in civil actions for trespass as in criminal proceedings for misdemeanors. (1 Archb. N. P. 413, 424; 2 Greenl. Ev. sec. 621.) It is not a case of agency, or of master and servant, but of a man standing on his own right, acting for himself and on his own personal responsibility. Crews was liable for the trespass. There was no evidence that the defendant ordered, instigated, or advised the trespass.

*Bay*, for respondent.

I. By the act of selling the plaintiff's property, Ming assumed control over it, and, by receiving compensation for the trees cut, he virtually directed the trespass to be committed; and it is a well settled principle of law, that any unlawful interference with, or exercise of control over, the property of another, is sufficient to subject the party to an action of trespass. (8 Wend. 613; 12 Wend. 39; 7 Cowen, 735; 10 Mass. 125; 7 Mo. 175; 2 Black. 892.)

Scott, Judge, delivered the opinion of the court.

There is no doubt that it is a general rule that all persons who order or procure a trespass to be committed, and indemnify others for doing it, or incite them to do it, may be sued as principals. The defendant, Ming, had no right to the timber, and he could confer no right to it on another. By the act of conveying the timber of the plaintiffs, the defendant asserted a right of control over it, and in receiving the money for the ties after they had been cut, he adopted the trespass as an act done for his own benefit. The principle has been frequently recognized, that any unlawful interference with, or assertion of control over, the property of another, is sufficient to subject a party to an action. (Phillips v. Hall, 8 Wend. 613.) The defendant, by undertaking to dispose of plaintiff's property, was the moving cause of the injury sustained by the plaintiffs. This case is similar to that of Wall & Wall v. Osborne, (12 Wend. 39,) where a party sold a mill standing on the lot of his neighbor, and appointed a day for the purchaser to take it away, promising to aid him in its removal, if it was necessary, and the mill was subsequently taken down and removed by the purchaser ; and it was held that the vendor was liable to an action of trespass, although there was no proof of his being present or aiding in the removal of the building. The court said : "To render one man liable in trespass for the acts of others, it must appear either that they acted in concert, or that the act of the individual sought to be charged ordinarily and naturally produced the acts of the others." In Scott v. Shepard, (2 Black. 892,) De Grey, C. J., laid it down as a correct principle, that one who does an unlawful act is considered as the doer of all that follows. In the language of Lord Ellenborough, in Leame v. Bray, (3 East, 595,) he is the *causa causans*, the prime mover of the damage to the plaintiff. In the case of Morgan v. Varick, (8 Wend. 587,) it was held that a disseizee, after recovering possession, may maintain trespass

against the disseizor, or his servants, or a stranger acquiring title from the disseizor.

The plaintiff having a patent for the land on which the timber grew, the cases of Green v. Liter, (8 Cranch, ——;) Cook et al. v. Foster, (2 Gilman, 656,) and Gale v. Davis, (7 Mo. 544,) show that, although not in the actual possession and occupation of it, they were entitled to maintain trespass against wrongdoers.

As the case turns wholly on the point whether the sale of the timber by the defendant to Crews made him a trespasser, and as the court so instructed the jury, and they found accordingly, there was no error in refusing the second instruction asked by the defendant. The law relative to the matter of the first instruction had been previously given to the jury.

It is well settled law that the owner of property may, after he has conveyed it away, maintain trespass for injuries done prior to the alienation. (Viner, tit. Trespass, 475.) The other judges concurring, the judgment will be affirmed.