H. W. OWENS v. BRANNING MANUFACTURING COMPANY AND A. MELSON.

(Filed 3 March, 1915.)

1. **Mortgages—Foreclosure—Mortgagee—Trusts.**
   The right of a mortgagee to foreclose under a power of sale given in mortgage of lands, recognized here, and regulated by our statute, to some extent (Revisal, secs. 1040-1042 *et seq.*), requires in its exercise the utmost degree of good faith, the mortgagee being regarded as a trustee for the owner as well as the creditor.

2. **Same—Assignee of Mortgage—Voidable Sales—Purchasers.**
   Where the mortgagee of land purchases at his own sale, either directly or indirectly, the transaction, as between the parties and at the election of the mortgagor, is ineffective as a foreclosure, without the necessity of showing actual fraud, and continues the relationship of mortgagor and mortgagee under the terms of the instrument; and this principle applies to the assignee of the mortgage, or the debts secured by it, when it is shown that he or his agent or attorney was in control or charge of the sale.

3. **Mortgages — Foreclosure — Voidable Sales — Mortgagee in Possession— Waste—Equity—Accounting.**
   Where the foreclosure under a mortgage is rendered ineffectual by the purchase of the lands by the mortgagee, or his assignee, at the foreclosure sale, who has taken over the property and holds it, he is held to account to the mortgagor for spoil and waste done upon the lands which he has committed or intentionally authorized, while in his possession.

4. Mortgages — Voidable Sales — Waste—Accord and Satisfaction—Trials— Questions for Jury.

The question of accord and satisfaction by the mortgagor's accepting a reconveyance of the land by the mortgagee in possession, under the circumstances of this case, was properly submitted to the jury under conflicting evidence and a correct instruction from the court.

APPEAL by defendant from *Carter, J.,* at Fall Term, 1914, of TYRRELL.

Civil action to recover damages for wrongfully cutting timber on the lands of plaintiff.

There was allegation with evidence on part of plaintiff tending to show that plaintiff, owning a tract of land in said county on which there was valuable timber of pine and gum mortgaged same to one John E. Sykes, the mortgage containing power to foreclose by sale, and afterwards said Sykes sold and transferred the notes to defendant Alonzo Melson; that said Melson held the same till 1910, when he caused the property to be advertised and sold at public sale, and bought same (the notice being signed both by Sykes and Melson) for $31 and took a deed from said Sykes as the mortgagee; that in September, 1911, said Melson sold and conveyed the timber trees on said land to his codefendant, the Branning Manufacturing Company, for $225, granting said company for five years from date the right to cut and remove said trees and to construct on the land "all roads, rollways, cartways, railways, etc., as may be required for the purpose, etc."; that said company, acting under said grant and conveyance, cut and removed all the timber from said land to the estimated value of $800 to $1,200, and afterwards Melson conveyed back the land to plaintiff, same, so denuded of timber, being worth not more than $50.

Defendants denied that the sale was invalid, contending that it was conducted and made by Sykes, the mortgagee, and was in all respects fair and regular; denied that the timber on said land was worth anything like the amount claimed by plaintiff; alleged that plaintiff took a deed for the land, after the timber was cut, in accord and full satisfaction of any claim he may have had by reason of the cutting. And the Branning Manufacturing Company, in separate answer, alleged that it purchased and paid full value for the timber and cut same under a deed purporting to confer the right to do so, and without any notice or knowledge of any claim or rights of plaintiff in the property, etc.

On issues submitted, the jury rendered the following verdict:

1. Was the sale of John E. Sykes, mortgagee of the land in controversy, valid? Answer: "No."

2. Has there been any accord and satisfaction, as alleged in the answer? Answer: "No."

3. Did the defendants wrongfully cut the timber on the land in controversy, as alleged? Answer: "Yes."

4. What damage, if any, has plaintiff sustained by reason of the wrongful cutting of said timber? Answer: "$500."

The court set aside the verdict against the Branning Manufacturing Company and entered judgment against defendant Melson for $500, the amount of damages assessed, less the mortgage debt and interest, the said debt not having been paid nor any credits entered thereon.

Defendant Melson, having duly excepted, appealed, assigning for error that the court charged the jury, if they believed the evidence, they would answer the first issue "No."

*Aydlett & Simpson, Ehringhaus & Small for plaintiff.*
*M. Majette and I. M. Meekins for defendants.*

HOKE, J., after stating the case: The right of foreclosure of a mortgage by sale under the provisions of the instrument and without the interposition of the court has long been recognized in this State and is, to some extent, regulated with us by our statute law. *Averitt v. Elliott,* 109 N. C., 560; *Joyner v. Farmer,* 78 N. C., 196; Revisal 1905, secs. 1040-1042 *et seq.*

In exercising such a right, however, the utmost degree of good faith is required, the mortgagee being looked upon as a trustee for the owner as well as the creditor, and, in applying the principle, it is very generally held that such a mortgagee is not allowed, either directly or indirectly, to become the purchaser at his own sale, and where this is made to appear the transaction, as between the parties and at the election of the mortgagor, is ineffective as a foreclosure, and the relationship of mortgagor and mortgagee will continue to exist. *Pritchard v. Smith,* 160 N. C., 79; *Jones v. Pullen,* 115 N. C., 465; *Gibson v. Barbour,* 100 N. C., 192.

Under well considered decisions here and elsewhere, the position extends to the case of assignees of the mortgage or the debt secured by it when it is shown that such an assignee, by himself, his agent or attorney, was in control and charge of the sale; the mortgagee only participating by allowing the use of his name for the purpose. *Whitehead v. Hellen,* 76 N. C., 99; *Kornegay v. Spicer,* 76 N. C., 95; *Dyer v. Shurtleff,* 112 Mass., 165; *Gaines v. Allen,* 58 Mo., 537; 27 Cyc., p. 1485.

In the present case and on perusal of the facts in evidence, we concur in the view of his Honor that, in any aspect of the testimony, the sale, in this instance, was in the entire control of the defendant Melson, assignee of the mortgage debt, and he having bought and taken the conveyance under such circumstances, and plaintiff having elected to disregard it, we must hold that, as between plaintiff and said defendant, there has been no valid foreclosure of the mortgage. It is not necessary, in cases

of this character, that actual fraud or imposition should be established. The agent and attorney of defendant in this matter is known to be an upright man and an honorable practitioner, and we are well assured that neither existed; but the principle prevails by reason of the position of advantage held by the mortgage creditor and of the temptation and opportunity to exercise it to the debtor's prejudice if a purchase by the trustee or vendor, at his own sale, should be upheld.

Having held that there has been no foreclosure, and it appearing that defendant Melson has acquired the property under circumstances stated by conveyance of the mortgagee, and for which he has heretofore paid nothing, so far as appears, it follows that said defendant has taken over and holds the property as mortgagee, the plaintiff having so elected to treat him, and, as such, he must account to the mortgagor for spoil and waste done upon the land which he committed or intentionally authorized. *Green v. Rodman,* 150 N. C., 176; *Morrison v. McLeod,* 37 N. C., 108; Jones on Mortgages (6 Ed.), sec. 1123. And the principle has been applied to the case where one, knowingly and wrongfully, sells the timber on a tract of land to a lumber company with a view and purpose of having same cut and removed. *Locklear v. Paul,* 163 N. C., 338, citing *Dreyer v. Ming,* 23 Mo., 434.

The subsequent reconveyance of the land to the mortgagor by the defendant Melson may or may not have been in accord and satisfaction of said mortgagor's claims and demands, according to the agreement between them, and this, under a charge to which there is no exception, has been resolved by the jury against the defendant.

There is no error, and the mortgage debt having been very properly deducted from the amount awarded, the judgment against the defendant is affirmed.

No error.