R. L. TAYLOR v. J. A. JONES CONSTRUCTION COMPANY, AND J. W. MARKHAM.

(Filed 31 January, 1928.)

**1. Torts—Joint Tort-Feasors—Liability.**

The ordinary rule of law that there is no primary and secondary liabilities between joint *tort-feasors* is not varied by the exceptions arising in equity when in the joint tort each joint *tort-feasor* is charged with equal responsibility to the injured party and the combined, active and concurrent negligence of each equally causes the injury in suit.

**2. Trials—Issues—When They Arise—Master and Servant—Negligence.**

When a contractor and subcontractor are engaged in the erection of a building, and the evidence tends to show that an employee of the former was injured by a falling beam while engaged in the performance of his duties, the falling of which was caused by the negligence of the servants of the latter, under conditions that were unsafe and known to each master, who negligently permitted the dangerous conditions to continue, the issue as to whether the principal contractor was secondarily liable does not arise.

**3. Trials—Instructions — Construction — Appeal and Error — Review — Harmless Error.**

Where an instruction of the court is clearly correct upon the principles of law arising from the evidence, it will not be held for reversible error that in one minute particular there was a semblance of error, when it is apparent that the jury could not have been misled thereby.

CIVIL ACTION, before *MacRae, J.,* at September Special Term, 1927, of MECKLENBURG.

This cause was considered in a former appeal which is reported in 193 N. C., 775. The facts are substantially as follows: "On 21 September, 1925, the plaintiff, a carpenter, was employed by defendant, J. A. Jones Construction Company, and had been in its employ seven or eight years. Prior to 21 September, Mrs. Sallie D. Wilder, the owner of a lot in Charlotte, entered into a contract with defendant, J. A. Jones Construction Company, to construct a ten-story office building, with the exception of the steel frame. The contract for furnishing the steel and the erection thereof was awarded by the owner to the defendant, A. J. Dietrich, and thereafter Dietrich made a contract with the defendant, J. W. Markham, a contractor for steel erection, by the terms of which the said J. W. Markham should perform the work of constructing and erecting into the steel frame of the building the steel furnished by the defendant Dietrich. The steel work consisted of raising and placing long, heavy steel beams in the various stories of said building."

Plaintiff alleged that the defendant Markham, in erecting the steel, "negligently failed to provide or construct, or cause to be provided or constructed . . . any proper temporary floor, or deck, which could or would have caught falling beams, and that defendant Markham, and "his employees, in raising said beam, negligently failed to use a proper tag or guide line, attached to said beam for the purpose of steadying and preventing said beam from slipping out of said sling or loop."

The plaintiff further alleged "that the defendant, J. A. Jones Construction Company, negligently failed to construct or provide or cause to be constructed or provided beneath the point or points to which the said steel beam was being hoisted and where it was being set, and above the floor where plaintiff was working, any proper temporary floor or deck suitable to catch falling beams, or any covering beneath said point or points and above said floor such as was approved and in general use."

The plaintiff offered testimony tending to show that, while he was building or assisting in building a form or casing, and the steel beams referred to were being raised, hoisted and set above his head, a large beam fell from above, striking him and inflicting serious and permanent injuries. There was further testimony tending to show that the superintendent of the construction work of defendant, J. A. Jones Construction Company, was fully aware of the danger to plaintiff and other workers by reason of the absence of a protective flooring or decking, and that he had made complaint to the architect and the architect had instructed the defendant Markham to install such flooring or decking for the protection of the workmen.

The issues and answers of the jury thereto were as follows: "1. Was the plaintiff injured by reason of the negligence of the defendant, J. W. Markham, as alleged in the complaint? A. Yes. 2. Was the plaintiff

injured by reason of the negligence of the defendant, J. A. Jones Construction Company, as alleged in the complaint? A. Yes. 3. Did the plaintiff contribute to his own injury, as alleged in the answer of J. W. Markham? A. No. 4. What amounts (if any) is plaintiff entitled to recover of the defendants or either of them? A. $25,000."

From judgment upon the verdict the defendants appealed.

*Brenizer & Scholl for plaintiff.*
*J. Laurence Jones for Jones Construction Company.*
*James A. Lockhart for defendant, J. W. Markham.*

BROGDEN, J. The defendant, Jones Construction Company, in apt time tendered the following issue: "Was the negligence of the defendant, J. W. Markham, primary, and that of J. A. Jones Construction Company, secondary?"

The trial judge refused to submit this issue, and such refusal constitutes the main exception in the case. The question of law presented, therefore, is when does the principle of primary and secondary liability apply in actions for personal injury?

The general rule is that there can be no indemnity or contribution between joint *tort-feasors.* It is also familiar learning that there are certain well recognized exceptions to the general rule, and that in proper cases indemnity or contribution is allowed, but such recoveries rest solely and entirely upon established principles of equity. The question involved has been considered by this Court in the following cases: *Dillon v. Raleigh,* 124 N. C., 187; *Gregg v. Wilmington,* 155 N. C., 18; *Commissioners v. Indemnity Co.,* 155 N. C., 219; *Sircey v. Rees' Sons,* 155 N. C., 296; *Doles v. R. R.,* 160 N. C., 322; *Ridge v. High Point,* 176 N. C., 421; *Bowman v. Greensboro,* 190 N. C., 611. The leading authorities in other jurisdictions are assembled in the cases of *Horrabin v. City of Des Moines,* 199 N. W., 988; and *Griffiths & Son v. National Fireproofing Co.,* 141 N. E., 739. Both cases are reported with extensive annotations in 38 A. L. R., 554 *et seq.*

The principles of law applicable to the question are well established, but the main difficulty consists in applying the principles to a given state of facts. The authorities referred to, however, disclose certain tests whereby the application of the principle may be determined. Thus in *Horrabin v. Des Moines,* the Court said: "One of the tests in determining whether there may be contribution or indemnity in favor of one joint wrongdoer against another is whether the former knew, or must be presumed to have known, that the act for which he has been held liable was wrongful." Again in *Griffiths & Son v. National Fireproofing Co., supra,* the Illinois Court stated the principle thus: "Where one of them

is only passively negligent, but is exposed to liability through the posi-
tive acts and actual negligence of the other, the parties are not in equal
fault as to each other, though both are equally liable to the injured per-
son." . . . The further general principle is announced, however, in
many cases, that where one does the act which produces the injury, and
the other does not join in the act, but is thereby exposed to liability and
suffers damage, the latter may recover against the principal delinquent,
and the law will inquire into the real delinquency, and place the ultimate
liability upon him whose fault was the primary cause of the injury."

The same tests announced in other jurisdictions have been recognized
and applied in this State. For instance, in *Doles v. R. R.,* 160 N. C.,
318, *Walker, J.,* in referring to the case of *Gregg v. Wilmington,* said:
"The city did not actually coöperate with Wolvin in committing the
wrong to the plaintiff's intestate. . . . Where two or more persons
have participated in the commission of a wrong, the general rule un-
doubtedly is that a right to contribution or indemnity will not arise in
favor of the one held responsible by the injured party."

Applying these tests to the case at bar, it appears that the defendant,
J. A. Jones Construction Company, was charged with notice of the
dangerous condition of the premises, occasioned by the probability of
falling beams, bolts, rivets and other construction material. The danger
was so apparent that the foreman of the Jones Construction Company
complained to the architect and requested that he require its codefendant
Markham to furnish adequate protection for the workmen. Nothing
was done by either defendant. The defendant, Jones Construction Com-
pany, owed the plaintiff the positive and nondelegable duty to exercise
ordinary care in furnishing a reasonably safe place to work. The record
discloses an open and continuous violation of this positive duty, not-
withstanding full and ample knowledge of the danger incident to the
work. In truth, the jury found in response to the second issue that the
plaintiff was injured by reason of the negligence of the Construction
Company.

Under these circumstances it is apparent that the negligence of the
Construction Company coöperated with the negligence of Markham, the
steel erector. Both parties actively participated in the injury to the
plaintiff. In the language of *Doles v. R. R., supra:* "The two acts con-
curred in producing the injury, and, upon the assumption that the ex-
press company was negligent, it and the railroad company were joint
*tort-feasors,* as to the plaintiff and as between themselves, and there is
no right of indemnity or contribution."

We are, therefore, of the opinion, and so hold, that the trial judge was
correct in refusing to submit an issue as to primary and secondary lia-
bility.

3—195

There is another exception relating to the charge of the court. Even if it be conceded that the charge complained of constituted error, it was essentially miscroscopic error. Moreover, the trial judge repeatedly announced the correct principle as to the burden of proof.

No error.