The evidence tended to show that on or about 23 September, 1926, the defendant, Allport Construction Company, made an offer to the City of Asheville to do the excavation for the new McCormick football stadium at certain unit prices therein specified. Thereafter, on 27 September, 1926, the City of Asheville, through its mayor, accepted the offer of Allport Construction Company in the following language: "This is to confirm the contract with you and accept your offer at the above price." Thereafter, Allport Construction Company made an agreement with Perry M. Alexander to do the work called for in the contract. Alexander proceeded with the work, and in the performance thereof heavy blasting became necessary. On or about 22 October, 1926, a heavy blast was set off, and plaintiff testified: "As I got to the door the blast went off and knocked the windows out of this bedroom and glass practically all over the room. . . . It felt like the house was going to crumble and fall down on me. I think if I could have prayed I would have prayed right then. . . . The blast knocked out the windows in the bedroom and did a great deal of damage to the room and the gutters. There were blasts set off after that time. . . . The next blast which did real damage was on or about 25 January, 1927. The whole heavens there was just as black as could be, and there was an awful roar, of course, and when I looked around I saw this condition of my house. It just almost demolished it. It practically tore it all to pieces. At the end of the house here there is a big hole sunk right there in the brick. . . . There were big holes in the roof of the house. It had to be practically recovered."
The evidence further tended to show that all estimates were made payable to the Allport Construction Company. The city had an engineer upon the work to see that it was properly done. The football stadium was being constructed for the City of Asheville. There was further evidence from Mr. George Pennell that the defendant, Allport, trading as Allport Construction Company, had stated to him, "Mr. Alexander is not a subcontractor, . . . and he had just been employed by me to do this work at a contract price." There was other evidence to the same effect upon this point.
The following issues were submitted:
"1. Was plaintiff's property damaged by blasting negligently conducted, as alleged in the complaint? *Page 552 
2. What damage, if any, did the plaintiff sustain because of said blasting, as alleged in the complaint?
3. Was the said work by its nature inherently dangerous?
4. Was Perry M. Alexander an independent contractor, as alleged?
5. Was the defendant Alexander in charge of the work at the time of the injury?
6. From which of the defendants is the plaintiff entitled to recover the said damages?
7. Between the defendants, Perry M. Alexander and J. Hobart Allport and City of Asheville, is the defendant Perry M. Alexander primarily liable and the other defendants secondarily liable?"
The record shows the following: "During the progress of the trial, it was agreed by all the parties, plaintiff and defendants, that the jury should answer the first issue "yes," and the second issue $4,200, and that the jury need not answer the other issues, but that the court should hear all the facts and evidence, and answer issues 3, 4, 5, 6 and 7, and that the answer so made by the court, together with the answer to issues 1 and 2, should constitute the verdict in this cause. This agreement and consent were made subject to any and all exceptions and objections made by the parties as to evidence, the refusal and special instructions requested, and the refusal of the court to adopt and submit issues tendered by the parties, or any of them; and generally any and all exceptions to which each or any party might be entitled in a regular jury trial. The court answered the third issue "yes"; the fourth issue "yes"; the fifth issue "yes"; the sixth issue "all three"; the seventh issue "yes."
Thereupon, judgment was signed in favor of the plaintiff. Said judgment contained the following clause: "It is further ordered and adjudged that, as between the defendants in this cause, the defendant, Perry M. Alexander, is primarily liable for the amount of said judgment, and that the defendants, J. Hobart Allport, and the City of Asheville, are secondarily liable therefor; and that the said defendant, J. Hobart Allport and the City of Asheville have and recover of the said Perry M. Alexander such amount of said judgment as the said defendants, J. Hobart Allport, and the City of Asheville, or either of them, may be required to pay of the said judgment."
The defendant, City of Asheville, tendered the following issue: "Between the defendants, City of Asheville, and J. H. Allport, is the defendant, J. H. Allport, liable, and the defendant, City of Asheville, secondarily liable?"
The trial judge declined to consider this issue.
The City of Asheville perfected its appeal, and the other defendants did not. *Page 553 
Under what circumstances may one joint tort-feasor recover indemnity from another joint tort-feasor?
The identical question is discussed in the case of Taylor v.Construction Co., 195 N.C. 30, 141 S.E. 492. The principle of liability was thus declared: "Where one of them is only passively negligent, but is exposed to liability through the positive acts and actual negligence of the other, the parties are not in equal fault as to each other, though both are equally liable to the injured person. . . . The further general principle is announced, however, in many cases, that where one does the act which produces the injury, and the other does not join in the act, but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent, and the law will inquire into the real delinquency, and place the ultimate liability upon him whose fault was the primary cause of the injury." Gregg v. Wilmington, 155 N.C. 18, 70 S.E. 1070;Commissioners v. Indemnity Co., 155 N.C. 219, 71 S.E. 214; Doles v. R.R., 160 N.C. 318, 75 S.E. 722; Bowman v. Greensboro, 190, N.C. 611,130 S.E. 502.
The principles of liability declared in the cases mentioned, entitled the City of Asheville to have the issue tendered by it considered and determined according to law.
Partial new trial.