15991

HAMBRIGHT v. WALKER
(44 S. E. (2d) 310)

Messrs. *J. H. Hall* and *R. C. Cobb,* of Gaffney, and *Mr. C. E. Saint-Amand,* of Newberry, for Appellant,

Messrs. *J. C. Mooneyham,* of Spartanburg, and *R. A. Dobson,* of Gaffney, for Respondent,

September 26, 1947.

Stukes, J.: This action was brought by plaintiff (now appellant) against O. M. Walker (now respondent), G. G. Watts and W. J. McArthur as defendants upon a complaint which in substance alleged ownership by paper title and possession of appellant and her predecessors in title of a tract of land containing 250 acres, more or less, in Cherokee County, per recent plat attached as an exhibit; that respondent owned an adjoining tract upon which he sold the timber to his codefendants, Watts and McArthur, in January, 1944; that the latter proceeded to cut the timber not only upon the adjoining Walker tract, but also cut and removed timber to the value of $2,700.00 from appellant's land; that upon knowledge of the cutting, appellant's agent forbade it further and posted "no trespass" signs; that the cutting was stopped temporarily but later resumed in disregard of the warnings; and the trespasses were continued. The prayer of the complaint was for an accounting of the proceeds of the sales of the lumber and byproducts and the defendants held liable therefor; for judgment "that the said property and the proceeds of sales of said lumber and timber be adjudged to be the property of the plaintiff"; that pending the action the defendants be restrained from further removal of timber, lumber, etc.; that a receiver be appointed to take charge of the timber which had been cut and the proceeds of the sale of it, under order of the court; for a fee for plaintiff's attorneys; for judgment for $15,000.00 actual and punitive damages

and for such other and further relief as the court may deem proper.

The three defendants joined in an answer which contained a limited general denial, that is to such allegations as were not expressly admitted or modified; and further alleged in effect: That Watts and McArthur purchased certain timber from Walker and cut and removed the same, but deny such cutting upon any lands of the appellant; that the plat attached to the complaint is incorrect and attempts to include in appellant's land 40 to 45 acres which belong to the defendant Walker; that the disputed area is Walker's property, not appellant's; and that defendants have not trespassed upon the lands of appellant.

The record discloses no demurrer or motion with respect to the pleadings and the case was tried by jury in November 1944 and resulted in a mistrial. The defendants Watts and McArthur thereafter made some sort of settlement and were dismissed as defendants with the consent of appellant. The case then proceeded to trial in November, 1946, against Walker as the sole defendant. Prior to trial Walker obtained leave to amend the former joint answer, upon which he then stood alone, by inclusion of the defense of adverse possession, in the following language: "That the defendant and his predecessors in title have been in open, notorious, continuous, exclusive and adverse possession of the lands in dispute in this action for the period required by law and do set up this defense of adverse possession as a bar to this action".

Considerable testimony was taken, including that of land surveyors, from which it developed that Walker depended upon a plat made in 1870 which appellant's surveyor-witnesses said contained errors in the delineation of the line which is the boundary between appellant's and Walker's land, and this appears to account for the dispute. The evidence of the surveyors need not be further reviewed and we

express no opinion of the weight which should be given it by the jury.

Walker's timber sale was by formal contract whereby he conveyed certain specified timber to Watts and McArthur, in which the land was described by the 1870 plat, less two comparatively small acreages subseqeuntly carved from the original tract. Watts and McArthur were both sworn as witnesses by appellant and testified that after their purchase they re-sold to one Humphries (also placed upon the witness stand by appellant) at a unit price of $13.00 per thousand feet, and he actually cut and removed the timber.

At the conclusion of the evidence for appellant, who was plaintiff below, the sole remaining defendant Walker moved for nonsuit. This was ordered by the trial judge and the gist of his ruling is contained in the following excerpts from the record:

"Now, I do not understand the law to be—unless you gentlemen can give me some authorities on the subject— that one who makes a deed to real estate or a deed to cut timber and does not go on the premises himself and cut or remove the timber, the fact that he has made a deed covering that timber, and assuming that the evidence shows that he did not have title to the property, in the absence of the seller going on the premises and committing the acts of trespass alleged—that he be held guilty of trespass simply because he made a deed to the timber and it was proven afterwards that he did not have the right to the timber. It is true that Mr. Walker was to get certain timber off of there for his use. There is no evidence that he got it. If he had gotten timber and if these parties who cut it did not have the right to go in there, Mr. Walker would not be liable for the acts of those who did, he would be liable for the actual timber received * * *.

"It appears to me from the testimony that when the lines were pointed out to the various ones, that that was before the contract or timber deed was made and that after the mak-

ing of the timber deed, that Mr. Walker had no further dealings with the land or timber that is in controversy. Therefore, I grant the motion for a nonsuit."

The contract of the sale of the timber contained a clause whereby, in the nature of additional consideration, sufficient lumber of certain specifications was to have been delivered to respondent to construct barns of stated dimensions; but there was no testimony that any lumber was ever so delivered. It is noted that the court commented that had there been evidence thereabout, that issue might have been submitted to the jury for the purpose of a verdict against Walker for the value of the lumber which he received.

The appeal is upon exceptions to the order of nonsuit which appellant says in argument are embraced in one question, to wit: "Do the pleadings place the title to the disputed area in issue, and if they do was there sufficient evidence of trespass by the respondent on the land claimed by the appellant?" Respondent submits in his brief two questions, as follows: "1. Did the Trial Judge properly construe the cause of action to be one in trespass *quare clausum fregit?* 2. Was there any evidence of a trespass by the defendant, O. M. Walker, as alleged in the complaint?"

However, the necessary inquiry is more limited than the field suggested by the quoted questions. It is merely whether the seller and conveyor of timber upon land of another is liable to the latter in damages under the facts and inferences reasonably derivable from the evidence adduced by the appellant in this case. Affirmative answer is indicated by the rather inconsistent order under appeal. If respondent here would be liable for the value of any lumber received by him under his contract of sale of the timber, why is he not likewise liable for the value or proceeds of that thereby sold from the land of appellant? No vital distinction is apparent between that received and retained and that sold.

The decisions upon the question are collected in an annotation in 127 A. L. R. 1016, wherein the editor concludes

as follows: "The question of the liability of a grantor or lessor, of property which he does not own to the true owner for the trespass of his lessee or grantee has arisen in many cases involving the sale of timber on the lands of another. The results of these cases seem to lead to the conclusion that he who assumes to sell timber on another's land, or the right to cut it, will be liable for the trespass of the purchaser in cutting it". Supporting authorities are cited from the courts of North Carolina, Georgia and other States. Some of them are to the effect that the rule is particularly applicable where the defendant-seller points out the timber on the disputed land to the purchaser and shows him the wrong landlines. The testimony in this case was to that effect.

The authorities last referred to are the basis for the rule stated in 34 Am. Jur. 566, Logs and Timber, Sec. 116, as follows: "One who assumes to sell timber on another's land may be liable to the true owner for trespass by the purchaser in cutting the timber, especially where he points out the exact trees cut, even though the seller, due to a surveyor's mistake, believed himself to be the owner of the land". *McCloskey v. Powell,* 123 Pa. 62, 16 A. 420, 10 Am. St. Rep. 512, 513. That is the pattern of this case as made by appellant's evidence at the minimum, and some of it further tended to show a willful disregard by respondent of the true boundary after he investigated it. As always in the review of an order of nonsuit, the evidence should be considered as favorably to appellant as it will reasonably permit. But in this case it is unnecessary to resort to that rule in order to reach the conclusion that the issue should have been submitted to the jury.

The controlling legal principle is found in our early cause of *Binda v. Benbow,* 11 Rich. 24, where it was said: *"Qui facit per alium facit per se* teaches that if one authorizes a tortious act, as by illegally putting a tenant in possession of land, or instigating him to any other trespass, or confederates in the perpetration of it, he is responsible; and so he may be a trespasser by relation, that is by

sanctioning a trespass committed for his benefit". The lower court was influenced by the fact that respondent had nothing to do with the manual cutting and removal of the timber from the disputed area; but that does not erase the acts of going upon the land and pointing out the timber and claimed boundaries, conveying the timber and receiving the consideration. These things were part and parcel of the whole transaction by which appellant was damaged, according to her evidence. It is a tenet of the law of trespass that all tort feasors are principals and each of the trespassers is liable for all the injury done. *Whitaker's Adm'r v. English,* 1 Bay 15. *Chanet v. Parker,* 1 Mill Const. 333. In the case last cited the sole defendant held open a barn door when others entered and removed plaintiff's property; verdict for plaintiff was upheld.

Dependence is had by respondent upon the authority of *Berger v. Lexington Lumber Co. et al.,* 178 S. C. 72, 182 S. E. 156. However, the facts of that case clearly distinguish it from this. That action was in trespass by the landowner against the cutters of timber and the lumber mill to whom the logs were sold and delivered. The Company (owner of the mill), for whom verdict was directed, did not participate in the transaction of the trespass as here it was testified the respondent did, in the particulars which have been pointed out. There is evidence in the present record that logs cut from the land claimed by appellant were manufactured, sold and delivered to various purchasers, none of whom was sued in the instant action. Respondent is not at all in the position of the Lumber Company in the cited case and the authority of it is not applicable.

Nonsuit was error.

Reversed and remanded.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.