W. J. McBRYDE AND WIFE, SARAH McBRYDE, JAMES FULTON McBRYDE AND WIFE, MARGARET McBRYDE, SARAH MAE McBRYDE VEASEY AND HUSBAND, JAMES VEASEY, CATHERINE ANN McBRYDE PHILLIPS AND HUSBAND, EDWARD PHILLIPS, AND JOHN DOUGLAS McBRYDE AND WIFE, ESTHER McBRYDE, v. COGGINS-McINTOSH LUMBER COMPANY, INC., R. D. SINGLETON AND WIFE, SALLIE C. SINGLETON.

(Filed 7 June, 1957.)

**1. Trespass § 21½—**

Where the grantors in a timber deed go upon the land, point out the boundary and mark trees as being within their boundary, both the grantors and the grantee who actually cuts the timber within the boundary designated are liable to the owner of the adjacent land for trespass as joint tortfeasors if any of the trees so cut stood on land belonging to the adjacent owner.

**2. Torts § 6—**

Where the grantee in a timber deed cuts trees within the boundaries pointed out by the grantors, and is thereafter sued for trespass by the owners of the adjacent lands upon allegations that some of the trees so cut stood upon lands owned by them, such grantee is entitled to join his grantors for contribution under the statute, G.S. 1-240, since both grantee and grantors are liable as joint tort-feasors and the owners of the adjacent lands could have joined them as parties defendant in the first instance.

**3. Pleadings § 19b—**

Where additional parties, joined for contribution under G.S. 1-240, file answer, they are precluded from thereafter demurring *ore tenus* for misjoinder of parties and causes, but plaintiffs, seeking no relief against such additional defendants, are not precluded thereby from demurring *ore tenus* on such ground.

JOHNSON, J., concurring.

APPEAL by defendant Coggins-McIntosh Lumber Company, Inc., from *Sink, E. J.,* January Special Term 1957 of HOKE.

Civil action for damages for the alleged wrongful trespass upon land and the cutting and removal of timber heard upon demurrers *ore tenus* of plaintiff and the defendant R. D. Singleton and wife, Sallie C. Singleton, to the further answer and demand of defendant Coggins-McIntosh Lumber Company, Inc., for contribution from the defendants Singleton as alleged joint tort-feasors on the ground of misjoinder of parties and causes.

Plaintiffs instituted an action for damages for trespass upon their land and the cutting and removal of timber therefrom against Coggins-McIntosh Lumber Company, Inc. They alleged in their complaint that the Lumber Company purchased the timber on an adjoining tract of land from R. D. Singleton and wife, Sallie C. Singleton, and while cutting this timber, it trespassed upon their land and cut, removed and converted to its use some of their timber.

The Lumber Company filed an answer denying that it had trespassed upon plaintiffs' land and cut and removed therefrom any timber. The Lumber Company alleged by way of affirmative relief that R. D. Singleton and wife, Sallie C. Singleton, executed and delivered to it a timber deed for the timber growing on their land, that before it cut the timber R. D. Singleton, who was acting for himself and as agent for his wife, pointed out to it a line marked with paint and blazes on the trees, beginning at a concrete monument and running to a large pine tree which he said was a corner between him and the plaintiff, W. J. Mc-Bryde, that he also pointed out the concrete monument as a corner between his land and the land of the plaintiffs, that he further pointed out numerous trees smeared with paint, the painted trees being in the area adjacent to the line pointed out as the McBryde line, and he said at the time that the painted trees were on his land and that all of the land on which the painted trees stood was his land, and up to the line pointed out and designated by him as the McBryde line, that the line was clearly marked with paint and easily discernible to the naked eye, that it relied upon such statements and pointing out the boundaries in cutting the timber, and that if it trespassed upon plaintiffs' land, and cut and removed timber therefrom, then the defendants Singleton are jointly liable therefor as joint tort-feasors, and it requested that the Singletons be made parties defendant by virtue of G.S. 1-240, and that if plaintiffs recover a judgment against it, it may have and recover judgment against the Singletons "under their primary liability as joint tort-feasors for the full amount" recovered against it.

By order of the Clerk of the Court R. D. Singleton and wife, Sallie C. Singleton, were made defendants.

The Singletons filed an answer admitting that they sold their timber to the Lumber Company, admitting that in the sale R. D. Singleton was acting for himself and his wife, but denied that R. D. Singleton pointed out to the Lumber Company plaintiffs' line.

When the case came on for trial, plaintiffs demurred *ore tenus* to the Lumber Company's demand for affirmative relief on the ground of a misjoinder of parties and causes, and the Singletons at the same time demurred *ore tenus* to the demand of the Lumber Company for affirmative relief on the same ground. At the suggestion of the court and with the assent of the parties, the demurrers *ore tenus* were argued after the jury was impaneled.

After hearing the argument the court entered judgment sustaining the demurrers *ore tenus* on the ground of misjoinder of parties and causes, and dismissed the demand of the Lumber Company for affirmative relief against the Singletons.

From the judgment, Coggins-McIntosh Lumber Co., Inc., appealed.

*S. H. McCall, Jr., Garland S. Garriss, David H. Armstrong, and Gordon B. Rowland for Coggins-McIntosh Lumber Company, Inc., Defendant, Appellant.*

*H. D. Harrison, Jr., and J. M. Andrews for Plaintiffs, Appellees.*

*McLean & Stacy for Defendants Singleton, Appellees.*

Parker, J.  Plaintiffs and the defendants Singleton filed in the Supreme Court a written demurrer to the demand for affirmative relief alleged in the further answer of the Coggins-McIntosh Lumber Company, Inc., against the defendants Singleton on the ground that such demand for affirmative relief does not state facts sufficient to state a cause of action against the defendants Singleton, nor a defense against plaintiff.

In 34 Am. Jur., Logs and Timber, sec. 116, it is said: "One who assumes to sell timber on another's land may be liable to the true owner for trespass by the purchaser in cutting the timber, especially where he points out the exact trees cut; even though the seller, due to a surveyor's mistake, believed himself to be the owner of the land."

This Court said in *Locklear v. Paul*, 163 N.C. 338, 79 S.E. 617: "It may be well, however, to refer to an exception that the defendant Sarah A. Paul is not responsible for the trespass complained of, inasmuch as she had made an outright conveyance of the timber to her codefendant, the planing mills, and this company alone had done the cutting. The deed conveyed the timber, with rights of way, etc., required to remove the same. It clearly contemplated and authorized the acts complained of, and, if trespass is established against the company, the grantor in

McBryde *v.* Lumber Co.

the deed is also responsible. *Dreyer v. Ming,* 23 Mo., 434." See *Owens v. Mfg. Co.,* 168 N.C. 397, 400, 84 S.E. 389, 391.

The headnote in *Dreyer v. Ming,* 23 Mo. 434, correctly summarizes the decision, and reads as follows: "A. claiming to own land belonging to B. sells timber on said land to C., who cuts and removes the same: held, that A. may be held liable to B., as a principal trespasser, for the timber so cut and taken away."

In *Oswalt v. Smith,* 97 Ala. 627, 12 So. 604, the Court held that, if a landowner points out to a person to whom he has sold the timber on his land the dividing line between himself and his neighbor, and he points out a line which is over on his neighbor's land, he is responsible to his neighbor for the trespass if trees are cut on his neighbor's land.

In *Hutto v. Kremer,* 222 Miss. 374, 76 So. 2d 204, the Court held that one who assumes to sell timber on another's land is liable to true owner for trespass by purchaser in cutting of timber, especially where seller points out exact trees subsequently cut, even though seller, due to a surveyor's mistake believed himself to be the owner of the land. The Court said: "It may be true that the appellant had nothing to do with the manual cutting and removal of the timber from Kremer's land; but that did not relieve the appellant from liability for his part in the commission of the trespass if he went upon the land and pointed out the boundaries of the tract of timber which he was selling so as to include a part of Kremer's 40-acre tract."

In *Hambright v. Walker,* 211 S.C. 201, 44 S.E. 2d 310, it was held that respondent, an adjoining landowner of plaintiff who sold timber on his land to codefendants was not relieved of liability for their trespass in going upon plaintiff's land and cutting and selling timber therefrom though he had nothing to do with manual cutting and removal thereof, where he went upon the land and pointed out the timber and claimed the boundaries, conveyed the timber and received the consideration. The Court said: "It is a tenet of the law of trespass that all tort-feasors are principals and each of the trespassers is liable for all the injury done."

The rule stated above finds support in *Castleberry v. Mack,* 1943, 205 Ark. XIX, 167 S.W. 2d 489; *Kolb v. Bankhead,* 18 Tex. 228; *McCloskey v. Powell,* 123 Pa. 62, 16 A. 420, 10 Am. St. Rep. 512. See also the cases cited to the same effect in Anno. 127 A.L.R., p. 1016, *et seq.*

The Lumber Company's allegations against the defendants Singleton do not seek to alter or change the description in the timber deed by parol evidence. These allegations are to the effect that R. D. Singleton, acting for himself and as agent for his wife, went upon the land and pointed out painted trees as theirs and claimed boundaries, conveyed the land and received the consideration. These things were part and parcel of the whole transaction by which plaintiffs allege they were

damaged. "And in trespass, all procurers, aiders, and abettors—nay, those who are not even privy to the commission of a trespass for their use and benefit, but who afterwards assent to it—are in judgment of law principals." *Horton v. Hensley,* 23 N.C. 163.

The defendants Singleton were made defendants by virtue of G.S. 1-240. This Court said in *Hobbs v. Goodman,* 240 N.C. 192, 81 S.E. 2d 413: "The purpose of the Act, G.S. 1-240, is to permit a defendant who has been sued in tort to bring into the action, for the purpose of enforcing contribution, a joint tort-feasor whom the plaintiff could have joined as party defendant in the first instance."

By authority of the rule we have stated above, it is indisputable that plaintiffs could have joined the defendants Singleton as parties defendant in the first instance. It is also clear that the allegations for affirmative relief in the answer of the Lumber Company state facts sufficient to enforce contribution on the part of the defendants Singleton as joint tort-feasors. Whether the Lumber Company can prove what it has alleged lies in the future for determination. The written demurrer filed in this Court is overruled.

The defendants Singleton filed an answer. Having done so, they are precluded from demurring *ore tenus* for misjoinder of parties and causes. G.S. 1-134; *Roberts v. Grogan,* 222 N.C. 30, 21 S.E. 2d 829; *Ezzell v. Merritt,* 224 N.C. 602, 31 S.E. 2d 751; *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2.

This rule does not prevent the plaintiffs from demurring *ore tenus* for misjoinder of parties and causes. The plaintiffs in their complaint seek no relief against the defendants Singleton. This Court said in *Norris v. Johnson, ante,* 179, 97 S.E. 2d 773: "The enactment of the contribution statute created as to parties jointly and severally liable a new right and ready means for the enforcement of that right. Citing authority. Now when some, but not all of the parties jointly and severally liable are sued, they are permitted in that action to sue those not originally joined. They are not required to seek permission from the original plaintiff. The right is theirs by virtue of the statute, G.S. 1-240."

There is no misjoinder of parties and causes. To hold otherwise would be to ignore the plain provisions of G.S. 1-240.

The lower court erred in sustaining the demurrer *ore tenus* and in dismissing the demand for contribution from the defendants Singleton as joint tort-feasors, alleged in the Lumber Company's answer. The judgment below is

Reversed.

Johnson, J., concurring: The original defendant's cross complaint against its codefendants, Singleton and wife, is sufficient in form to

invoke the doctrine of indemnity, commonly referred to as primary and secondary liability, as between the defendants. While the appellant seems to have placed chief emphasis on the idea of contribution, both in the court below and on appeal here, nevertheless the cross complaint, when viewed in the light of its general tenor, would seem to put to test the doctrine of primary and secondary liability ahead of that of contribution. The principles of joinder governing primary and secondary liability operate quite apart from and independent of the 1929 statute, now codified as G.S. 1-240, which permits contribution between joint tort-feasors. *Clothing Store v. Ellis Stone & Co.*, 233 N.C. 126, 63 S.E. 2d 118; *Johnson v. Asheville*, 196 N.C. 550, 146 S.E. 229; *Taylor v. Construction Co.*, 195 N.C. 30, 141 S.E. 492, and cases cited. On this record the joinder of Singleton and wife and the plea over against them may be upheld both under the contribution statute and under the rules of joinder governing the doctrine of primary and secondary liability.