Rueein, Judge.
 

 The plat made by
 
 Cherry
 
 was not-evidence at all. If it was necessary and competent to prove the beginning of the line run by him, that had been done by tho witness himself, and the point designated, in his testimony to the jury, on the plat then before them, and made in this cause. The only purpose, for which admission of the other plat was sought,
 
 must
 
 have been to mislead the jury, by letting them see how
 
 Cherry
 
 ran the line from that beginning, in the hope that they would regard that as the true line. This conclusion they could not properly draw, either from' the fad that
 
 Cherry
 
 had run it, or that one of the parties, for whom he was then surveying, had insisted on it as the line.
 

 The instruction upon the point of possession was also correct. I do not accord with the counsel for the defendant, that in the absence of title, actual possession, time is, by residence, or inciosure and cultivation, must he shown, to support trespass. The argument is, that tho* swamp, the land is susceptible of draining and cultivation ; and nothing short of that should be taken to he a possession,, when, from the nature of the subject,
 
 that can
 
 be done. 1 think the rule is, that exercising that dominion over the thing, and taking that use and profit, which it is capable of yielding
 
 in its present
 
 state, is a possession. It is all that can ho done, until the subject it-elf shall he changed. It is like the case stated in the hooks,
 
 *37
 
 of cutting rushes from marsh. This' is sufficient, tho’ it might appear that dikes and banks would make the marsh arable. But acts of this description must partake of the character of ownership, and of .a continued assertion of right and exercise of it. Occasional acts, with long intervals between them, do not denote title, nor the claim of dominion ; at least, they are very ambiguous evidences, and may as well be taken for the wrongs of a trespasser, as the assertion of a rightful dominion. Here, there has been a cutting of timber on three occasions only in sixty years — since
 
 1770;
 
 and the last time was seven or eight years before this suit. They create neither a presumption of title, nor presént possession.
 

 But these- acts must be characteristic of ownership. If at long intervals,and con sistent with the acts of a trespasser, they are not. sufficient.
 

 Without entering into the inquiry, whether the deed from
 
 Boatwell
 
 was, under the circumstances, evidence of boundary, the court thinks the judge below com-, mitted no error touching it. When offered for that purpose, it was not admitted by the court. When offered as a link in the chain of title, it was properly received. It was uneandid in the counsel, when ho failed to make out a title, to draw it to the aid of his cause upon am other point, to which the court had held it not tó be evidence. The court might properly have stopped him, and' reprehended the-unrespectful demeanor. But it is not error in law not to have done it. The opposite counsel might also have called upon the court to correct a course-of argument, not founded upon legal'evidence, and injurious to the side* witli the care of which he was charged. If he would not move the court to interpose, but chose to rely on his own reply to the jury, he cannot complain-that the judge did not, of his own accord, do it. The-party must move the court, before he can impute error, in a case of this sort. The counsel did reply, and properly to the argument. The judge gave the reply his sanction
 
 ;
 
 for his silence, under the circumstances, was a sanction. But if it were not, the court is not bound, in summing up to the jury, to notice every position -discussed between the counsel, which would lead to.most
 
 *38
 
 inconvenient prolixity. If any thing deemed material be omitted, the counsel can call the attention of the court to it, and pray an instruction. A refusal would constitute error, when .an omission would not. Many cases do not require a charge from the
 
 court;
 
 and few a full one. Something must be left to the discretion and sense of propriety of the presiding judge. And at all events, it is not error for the court not to he active, when the party has not moved it.
 

 Per Curiam — Judgment appirmeb.