The plaintiffs read two grants to Charles Johnson: one dated 1796, for 5,000 acres, and the other dated 1797, for 8,000 acres, and then offered much testimony to show that these two grants included the locusin quo. The plaintiffs then produced regular mesne conveyances from Johnson to themselves — the deed to themselves bearing date in 1835. It was then proved by the plaintiffs that in 1834, before the execution of the deed to them, they entered into the swamp and took actual possession of a part, claiming the whole, and were in possession getting out shingles at the date of the writ in 1836; and that they (57) had continued in possession all the time from 1834, before the date of their deed, up to the time when the writ was issued. They further proved that in 1833 the defendant had entered into the swamp, cut several ditches, made roads, and had commenced cutting down and making shingles out of the timber trees rendered accessible by means of these ditches and roads, and continued to make shingles out of the timber thus situated from 1833 up to the issuing of the writ. It was also in proof that in 1833 the defendant had erected tents on the land convenient to his roads, for the accommodation of his hands and mules, and had kept the hands, mules, and carts at work in the swamp from 1833 to the date of the writ. It was proved further that the swamp was not fit for the purposes of cultivation, and could not be inhabited, and could only be used in the manner in which the defendant used it, for getting shingles by the means above stated. It was proved further that the place where the plaintiffs got out shingles was a mile and a half from the place where the defendant got them.
At this stage of the trial the court suggested to the plaintiffs' counsel that there seemed to be two objections to a recovery: (1) The defendant's being in the actual occupation of the locus in quo at the date of the plaintiffs' deed. (2) The defendant's continuing in the actual occupation of the locus in quo from 1833, before the date of the plaintiffs' deed, up to the time of the issuing of the writ, without an entry. The *Page 50 
counsel replied to the first objection, that the defendant had not been in the actual occupation of the locus in quo, but must be considered as having committed so many distinct small trespasses, by going upon one spot and staying there until he could cut down a tree and make it into shingles, and then abandoning that spot and going to another; and further, that his possession, supposing it were considered a possession, was not adverse, for he had shown no sort of title. To the second objection the reply was, that in addition to the idea that the defendant had no occupation, but was simply guilty of so many distinct trespasses, the plaintiffs having shown a title, and having actual possession of (58) a part, were in law considered in the possession of the whole tract covered by their title.
The court expressed the opinion that the proof made out a case of occupation, and not simply several distinct trespasses, as to all the land and timber trees made accessible by their ditches and roads, inasmuch as that was the only way in which the swamp could be used or occupied; and, secondly, that a possession of a part under title gave possession of the whole, unless a part was actually occupied by another person, in which case the possession did not extend by force of the title to the part so held in actual adverse possession, whether the occupant had or had not a paper title; and that it was necessary for the plaintiffs to obtain possession of the part occupied by the defendant by means of an ejectment, or otherwise, before an action of trespass could be maintained.
The plaintiffs, in submission to this opinion of the court, took a nonsuit and appealed.
The opinion expressed by his Honor on the trial of this cause seems to us entirely correct. Upon the evidence, it cannot be questioned, we think, but that the defendant was in actual possession of the locus in quo before, at, and after the date of the plaintiffs' deed, down to the institution of this action. It was a possession as decided and notorious as the nature of the land would permit, affording unequivocal indication to all persons that he was exercising thereon the dominion of owner. Burton v. Caruth,18 N.C. 2; Simpson v. Blount, 14 N.C. 34. The actual occupation of the plaintiffs has never approached within less than a mile and a half of the part of the swamp thus held by the defendant. The constructive possession, arising from title, cannot be extended to that part whereof there is an actual opposing possession, *Page 51 
whether with or without a paper title. Graham v. Houston, 15 N.C. 232. And, without possession, the action of trespass cannot be maintained. The judgment of nonsuit is
PER CURIAM. Affirmed.
Cited: Patterson v. Bodenhammer, 33 N.C. 9; Loftin v. Cobb, 46 N.C. 412;Gudger v. Hensley, 82 N.C. 484; S. v. Reynolds, 95 N.C. 618;McLean v. Smith, 106 N.C. 178; Roberts v. Preston, ib., 420; McLean v.Smith, 114 N.C. 365; Hamilton v. Icard, ib., 538; Shaffer v. Gaynor,117 N.C. 21; Berry v. McPherson, 153 N.C. 6; Coxe v. Carpenter,157 N.C. 560; Locklear v. Savage, 159 N.C. 238.
(59)