JOSEPH BUNCH et al. v. ROBERT M. BRIDGERS et al.

Evidence—Possession—Color of Title—Res Gestæ.

1. Where the issue in an action to recover land was, whether the defend-
   ant had been in adverse possession for a sufficient time to ripen
   his title and defeat a recovery, it was competent for the defendant
   to show, as a part of res gestæ and explanatory of the character
   and extent of his possession, that one under whom he claimed
   had expelled a third party from the disputed land, and his accom-
   panying declaration that the land belonged to him.

2. Where a part of a conversation is offered in evidence the whole of it,
   so far as it is pertinent to the inquiry, should be admitted.

CIVIL ACTION tried at Fall Term, 1887, of BERTIE Supe-
rior Court, before Avery, J.

The complaint in this action, commenced on October 20th,
1886, asserts title in the plaintiffs to the tract of land therein
described and the wrongful withholding of a part thereof
by the defendants and demands judgment for the recovery
of possession. The allegations are severally denied in the
answer.

The parties derive their conflicting claims of title to the
land from James Mitchell, a former owner; the plaintiffs
under his deed of May 9th, 1834, to Nehemiah Bunch, who
died in 1844 intestate, leaving a son, Nehemiah J. Bunch, to
whom the land descended, and thence upon his death to the
plaintiffs, his children and only heirs at law.

The defendants in support of their claim of title in the
defendant Wiley J. Bridgers, exhibited to the jury an exe-
cution and Sheriff's deed upon a sale made thereunder·
against said James Mitchell to one John D. Thurston, dated
November 9th, 1835, and a deed from the latter executed
August 17th, 1836, to the said Wiley J. Bridgers, of whom
the defendants are heirs at law.

It will thus be seen that the defendants' deeds are posterior to that of the plaintiffs' ancestor, and moreover it recognizes the line of the latter as one of its boundaries.

The title to the land embraced in the deed to Nehemiah Bunch having been transferred to him and transmitted to the plaintiffs, unless the defendants have shown a hostile occupation under color of title derived from the Sheriff's deed of a part of the lap, as they contend, the question is, as to the sufficiency of the evidence of these facts to defeat the plaintiffs right thereto. The controversy is narrowed then to the single point of the alleged divesting of the title by the means and in the manner aforesaid.

There was much and discordant testimony as to the position of the black oak, the beginning corner in plaintiffs' deeds. The defendants offered to prove that Wiley Bridgers, their ancestor, finding a negro woman over on the disputed land claimed by him, forced her to leave and go to the east side of the old path, telling her that it was his land and she must remove from it. To this evidence plaintiffs' counsel objected on the ground that it would be evidence coming from Wiley Bridgers on his own behalf, but consented to his proving what was said by the negro woman to him. The conversation was at the time of her starting to move from the premises. The objection was sustained and the defendants excepted.

There was a verdict for the paintiffs, and from the judgment thereon defendants appealed.

*Mr. J. E. Moore*, for the plaintiffs.
No counsel for the defendants.

SMITH, C. J. We think the testimony was competent, as explaining the act of expulsion done under a claim of ownership, and in the exercise of an assumed right over the territory.

1t was part of the *res gestæ*, and while not receivable to show title by a declaration, should have been received as

qualifying and giving character to the act, as an assertion of a right claimed to the possession. The objection is not met by the proposal to allow proof of what the woman said to him, while what he said to her was excluded. The conversation, so far as it is pertinent to the matter in dispute, was all of it receivable or none, for without the whole its true import and meaning might be entirely misunderstood and be misleading. *Overman* v. *Clemmons,* 2 D. & B., 185; *Green* v. *Cawthorne,* 4 Dev., 409.

As the error entitles the defendants to a new trial, it is unnecessary to consider the subject matter of the instructions as asked and given. If the plaintiffs' land is located as they contend and the defendants deed does not profess to encroach upon it, but is arrested when it meets the plaintiffs' boundary, the defendants possession has not the support of color of title, and must continue for such a length of time, and be of such a nature as itself to divest the plaintiffs' title and transfer it to them or one or more of them. In this view the directions given to the jury seem reasonable and fair though their correctness is not intended to be adjudicated in our present disposition of the appeal.

There is error and the verdict must be set aside and a *venire de novo* awarded.

Error.