WALL v. WALL.

(Filed October 23, 1906).

*Ejectment—Deeds and Grants—Boundaries—Non-navigable Rivers—Withdrawal of Grant—Estoppel—Title to Bed of Non-navigable Streams—Islands—Adverse Possession—Evidence.*

1. A grant of land bounded in terms by a creek or river not navigable carries the land to the grantee to the middle or thread of the stream.

2. There was no error in permitting the defendant to withdraw during the argument a grant from the State which he had introduced, where neither party had offered any evidence locating said grant and there was nothing on its face which indicated *per se* that it covered the land in controversy.

3. The contention that the defendant, by the introduction of a grant from the State which the Court later permitted him to withdraw as evidence, its relevancy not being disclosed, was estopped to deny the State's title, and that the plaintiff, having an older grant, was entitled to recover, is without merit.

4. *Prima facie,* the title to the bed of an unnavigable stream to the thread thereof, and to islands between the mainland and said thread, is in the owner of the adjacent mainland. Where the lands on both sides the stream belong to the same person, the entire bed of the stream and all the islands therein between such lands belong to him.

5. Evidence that the defendant and those under whom he claims took possession of the island in 1845; that they got lumber off of it constantly for various purposes; that after 1854 the island was used more than any other part of defendant's land for getting timber; that goats were placed there and cattle pastured on it, and that in 1899 defendant cleared two acres of the land; that from 1890 until the trial defendant used the island all winter every year for cattle pasturage, is sufficient evidence of actual possession to ripen color of title into an indefeasible title.

ACTION of ejectment by Edwin Wall against John T. Wall, heard by *Judge Fred. Moore* and a jury, at the February Term, 1906, of the Superior Court of ANSON.

From a verdict and judgment for the defendant, the plaintiff appealed.

*H. H. McLendon* for the plaintiff.
*Robinson & Caudle* and *J. A. Lockhart* for the defendant.

BROWN, J. The *locus in quo* is an island in the Pee Dee River, called Martin's Island, containing about six acres of land. The evidence tends to prove that the island is separated from the Anson County mainland by a narrow "thoroughfare" of the river about eighty feet wide, which can be easily forded. The main body of water which flows between the island and the Richmond County side is three hundred yards wide. The island is on the Anson County side of the "thread" of the stream. Plaintiff claims title under a grant from the

State to plaintiff dated 1 April, 1879, which describes the island. Defendant claims under deed dated 15 December, 1843, from William Locke and wife to Stephen Wall, from whom defendant derives title.

We will not consider the twenty-nine exceptions in the record *seriatim,* but will group the contentions of the parties under three heads: First. Does the description in the deed from William .Locke and wife to Stephen Wall cover the island in controversy? Second. Is the defendant estopped to deny the State's title by the introduction of the grant of 1882? Third. Was there sufficient evidence of adverse possession on the part of the defendant?

1. The description in the deed is as follows: "Beginning at a black-oak southwest of Pee Dee River, William W. Koy's corner tree, and runs with W. Koy's line south 15 chains to a pine, etc.; then east 29 chains to the river; then up the various courses of said river to the beginning, containing 300 acres." It appears in evidence that Stephen Wall owned and occupied the land on both sides the Pee Dee River opposite Martin's Island.

It was decided as long ago as 1831 that the Pee Dee at this point was not a navigable stream and that the owners of the land on each side of it have a right to the middle of the river. *Ingram v. Threadgill,* 14 N. C., 61. The same is the law in respect to rivers which divide nations. *Handly v. Anthony,* 5 Wheaton, 374. It is not disputed that if the call of the deed is extended to the thread or middle of the stream and then up the various courses thereof to the beginning, the land in controversy is included in its boundaries. There is no rule of the common law better settled, and more universally adopted in this country, than that which prescribes that a grant of land bounded in terms by a creek or river not navigable carries the land to the grantee *usque ad filum aquae,* to the middle or thread of the stream. *Wilson v. Forbes,* 13 N. C., 30; *Ingram v. Threadgill, supra; Williams v. Buchanan,* 23

N. C., 535; *Rowe v. Lumber Company,* 128 N. C., p. 303,
and 133 N. C., 433. The evidence shows conclusively that
the thread of the Pee Dee is the dividing line between Rich-
mond and Anson counties, and that it runs between Martin's
Island and the Richmond side of the river. In fact, the
plaintiff's grant describes the island as located in Anson
County.

2. The defendant introduced a grant from the State to
Stephen G. Wall dated 20 December, 1882, for a tract of
one hundred and thirty acres of land. During the argument
plaintiff's counsel contended that by this grant it was shown
that both plaintiff and defendant claimed under a common
source; that defendant was estopped to deny the State's title,
and that plaintiff, having the older grant, is entitled to
recover. There is nothing upon which to base such conten-
tion. Neither plaintiff nor defendant had offered any evi-
dence locating said grant of 1882, and there is nothing on its
face which indicates *per se* that it covers Martin's Island.
The defendant stated it did not cover the land in controversy,
and the Court permitted him to withdraw it as evidence.
As its relevancy to the matter at issue is not disclosed, we
see no error in this. It was a matter within the sound discre-
tion of his Honor. Besides, the plaintiff did not ask to be
permitted to reintroduce this grant and to offer evidence
locating the island within its boundaries.

3. The evidence tends to prove that Stephen Wall owned
and was in possession of the land on both sides of the river
opposite Martin's Island for some years prior to the war, and
that his possession extended one-half mile or more up and
down the river on the Anson side and for two or three miles
on the Richmond side, and that he was in possession of it at
the time of his death in 1845. Stephen Wall devised "to my
brother James Wall's two youngest sons, to-wit, those by his
last wife, all the land I own in Anson County, supposed to
be about 500 acres." The sons by the last wife of James

Wall were A. G. and S. G. Wall, under whom defendant justifies his right to possession. As Stephen Wall was the owner and in possession of the lands on both sides of the river, he is presumed to have title to the island between. *Prima facie*, the title to the bed of an unnavigable stream to the thread thereof, and to islands between the mainland and said thread, is in the owner of the adjacent mainland. Where the lands on both sides the stream belong to the same person, the entire bed of the stream and all the islands therein between such lands belong to him. 17 A. and E. Ency. Law (2 Ed.), 532, and cases cited; *Granger v. Avery,* 64 Me., 292; *Stolp v. Hoyt,* 44 Ill., 220. Independent of such presumed title, there is abundant evidence of such actual possession of the island as ripens the color of title under the Locke deed into an indefeasible title. The evidence tends to prove that the defendant and those under whom he claims took possession in 1845; that they got timber off the island constantly for various purposes; that after 1854 the island was used more than any other part of defendant's land for getting timber; that goats were placed there and cattle pastured on it, and that in 1899 defendant cleared two acres of the land; that from 1890 until the trial, defendant used the island all winter every year for cattle pasturage.

Upon a review of the entire record, we are of opinion that the case was well tried, and there is

No Error.