W. R. SMITH AND G. W. AILEY v. F. E. COOK AND J. A. COOK.

(Filed 23 January, 1929.)

1. **Pleadings—Issues, Proof, and Variance—Variance Between Allegations and Proof—Nonsuit.**

   A complaint proceeding upon one theory will not authorize a recovery upon another and entirely distinct and independent theory, and where the allegations of the complaint state one cause of action and the evidence is to matters not alleged, and on another cause of action, a judgment as of nonsuit is properly granted.

2. **Replevin — Pleading and Evidence — Burden of Proof — Claim and Delivery.**

   In claim and delivery proceedings the burden is on the plaintiff to establish a cause of action. C. S., 831.

CIVIL ACTION, before *MacRae, Special Judge,* at Special July Term, 1928, of GRAHAM.

Plaintiffs instituted claim and delivery proceedings against the defendants for the possession of certain lumber "on a yard in Graham County, known as the Ben Stewart yard, under and by virtue of agreement made between F. E. Cook and W. R. Smith on 8 June, 1927, under which said agreement the said W. R. Smith paid in full for the said lumber and is now the owner of same."

It was further alleged that the plaintiff, Ailey, purchased an interest in said lumber from his coplaintiff, W. R. Smith. The contract of 8 June, 1927, specifically alleged as a basis of plaintiff's ownership, is set out in the record. The terms of said contract are to the effect that the plaintiff, W. R. Smith, agrees to purchase all the lumber that F. E. Cook "has manufactured at present" on the Ben Stewart yard or on the railroad. The contract further contains certain specifications of lumber to be cut, together with conditions as to the time of payment. The agreement contains this clause: "This contract is for all the lumber cut by Cook on West Buffalo Creek during the year 1927."

At the conclusion of the evidence the trial judge sustained the motion of nonsuit made by the defendants, and the plaintiffs appealed.

*R. L. Phillips* for *plaintiffs.*
*J. N. Moody* and *T. J. Jenkins* for *defendants.*

BROGDEN, J. The plaintiffs base their cause of action upon a specific contract specifically set out in the affidavit, which was treated as a complaint. Ordinarily, in the absence of a request to amend a pleading to conform to the proof, a party is restricted to the cause of action alleged in the pleading. The contract of 8 June expressly provides that it was

to cover only such lumber as was cut by the defendant, F. E. Cook, during the year 1927. There was no evidence on behalf of plaintiffs that the lumber seized by the sheriff was so cut during said period. Plaintiff, Smith, testified that he left about December, 1927, and there was thirty or forty thousand feet of lumber on the yard, but on cross-examination plaintiff testified, "I don't know when this lumber was cut." The burden was upon the plaintiffs to establish a cause of action in accordance with C. S., 831. Plaintiffs, however, introduced a mortgage made by the defendant, F. E. Cook, to Graham County Supply Company, which covered about fifty thousand feet of lumber and attempted to prove ownership by said mortgage, but the mortgage was not mentioned in the complaint, and no cause of action thereon was alleged. A complaint proceeding upon one theory will not authorize a recovery upon another entirely distinct and independent theory. *Moss v. R. R.,* 122 N. C., 892, 29 S. E., 377; *McCoy v. R. R.,* 142 N. C., 387, 55 S. E., 283; *Green v. Biggs,* 167 N. C., 417, 83 S. E., 553; *Sultan v. R. R.,* 176 N. C., 136, 96 S. E., 897.

Affirmed.