### J. C. ROBERTS v. F. E. GROGAN.

(Filed 23 September, 1942.)

**1. Bills and Notes § 27—**

> In an action upon a promissory note, its admission in evidence and the admission of its execution and nonpayment, notwithstanding maturity, make out a *prima facie* case, and denial of judgment of nonsuit is proper. C. S., 567.

**2. Same—**

> While C. S., 540, provides that a copy of the instrument is sufficient, with the allegation of amount due thereon, such statute does not require the entire writing to be made a part of the complaint. Demurrer *ore tenus* properly overruled.

**3. Pleadings §§ 14, 15—**

Demurrer *ore tenus* does not lie where answer has been filed and the demurrer does not raise objection to the jurisdiction or that complaint does not state facts sufficient to constitute a cause of action. C. S., 518.

**4. Taxation § 35: Bills and Notes § 22—**

Nonpayment of taxes on a note in suit is nullified by a provision in the judgment on the note that taxes, penalties and interest due shall be paid to the proper officers out of the first collections on the judgment. Michie's Code, 7880 (156) tt.

**5. Contracts § 7d: Bills and Notes § 22—**

While all purchases for resale have an element of speculation about them, the joint purchase, by two persons on a warehouse floor of tobacco for purposes of resale, is not such a gambling contract as to make a promissory note given for the purchase price unenforceable.

**6. Evidence § 24: Limitation of Actions § 2a, 2e—**

Where defendant by answer denies liability on a note on the ground that it was given on a gambling contract, and also that the note is barred by the three-year statute of limitations, evidence that defendant did not adopt the word "seal" after his name on the note was properly excluded. The absence of *allegata* is as fatal as the absence of *probata*.

APPEAL by defendant from *Bobbitt, J.*, at April Term, 1942, of ROCKINGHAM.

This is an action instituted on 13 November, 1941, upon a promissory note executed under date of 23 February, 1932, by the defendant and one J. P. Smith to Watts Warehouse, and by A. G. Irvin and A. P. Sands, Jr., assigned to J. C. Roberts, the plaintiff; the said Irvin, Sands and Roberts composing the partnership trading as Watts Warehouse.

From an adverse judgment predicated upon the verdict, the defendant appealed, assigning error.

*F. Eugene Hester for plaintiff, appellee.*
*P. T. Stiers for defendant, appellant.*

SCHENCK, J. The first group of assignments of error set out in the brief of the appellant relates to the refusal of the court to sustain defendant's demurrer to the evidence duly made and renewed, and denial of judgment as in case of nonsuit, C. S., 567, and to the overruling of defendant's demurrer *ore tenus*. These assignments are untenable for the reason that the admission of the execution of the note and the introduction in evidence thereof, together with the admission of its nonpayment notwithstanding its maturity, make out a *prima facie* case.

Likewise, the demurrer *ore tenus* was properly overruled. While C. S., 540, provides that "it is sufficient for the party pleading to give a copy

of the instrument, and to state that there is due to him thereon," such statute does not require that the entire writing be made a part of the complaint. *Sossamon v. Cemetery, Inc.,* 212 N. C., 535, 193 S. E., 720. And, further, a demurrer *ore tenus* does not lie since answer has been filed and no objection is taken by demurrer to the jurisdiction of the court or that the complaint does not state facts sufficient to constitute a cause of action. C. S., 518.

The position taken in appellant's brief that since it was shown that the taxes on the note sued on were unpaid the action cannot be maintained is met by the provision written into the judgment "that the amount of taxes, penalties and interest due and owing shall be paid the proper officer out of the first collection on said judgment." This is in accord with sec. 7880 (156) tt, N. C. Code of 1939 (Michie).

The argument that the contract, out of which the giving of the note sued upon arose, was a gambling contract, and therefore the note was illegal and unenforceable is likewise untenable. The evidence tends to show that the note was given to cover a balance due at the end of the tobacco season for tobacco bought on the floor of the warehouse by J. P. Smith in the name of the defendant, for which buying "Mr. Smith made arrangements with me (defendant) prior to the opening of the tobacco market to use my license and he was to pay me something for it." While what the plaintiff and defendant might realize from their joint interests in the purchase of the tobacco may have been problematical and speculative, it cannot be held that this constituted an illegal gambling contract. Practically all purchases for the purpose of resale have an element of uncertainty and speculation about them, but it would indeed be a harsh and drastic rule to construe all such contracts as illegal and void, and it would be particularly disconcerting to one of the principal interests of this State for it to be adjudged that the buying of tobacco on a warehouse floor for the purpose of resale is an illegal transaction. On the contrary, the evidence tended to show a valid contract based upon sufficient consideration, containing a waiver of presentment or demand for payment.

The second group of assignments of error set out in the brief of the appellant relates to the exclusion by the court of evidence tending to show that the defendant did not adopt the printed word "seal" after his name on the note sued upon as his seal, and for that reason the action is upon an unsealed instrument and is barred by the three-year statute of limitation. These assignments of error cannot be sustained for reason, possibly among others, that the defendant in his answer sets up only that he was an accommodation endorser on a gambling contract and that the plaintiff's cause of action, if any he had, against him was barred by the three-year statute of limitation. He does not plead, nor mention,

the absence of a seal. These assignments are therefore based upon a defense not set up in the answer, the necessity for allegation of which, as well as the burden of proof of which was upon the defendant. *Insurance Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606. The absence of *allegata* is as fatal as the absence of *probata.* *Talley v. Granite Quarries Co.,* 174 N. C., 445, 93 S. E., 995. Recovery cannot be had on theory different than alleged in complaint, *Smith v. Cook,* 196 N. C., 558, 146 S. E., 229, and cases there cited, and by the same token defense cannot be maintained on theory different than alleged in answer. The defendant in his answer bottoms his defense upon an allegation of illegal transaction and at the trial attempts to show failure to adopt the printed seal and the consequent bar of the statute of limitation. He cannot swap horses in midstream. "It is well understood that . . . a party to a suit should not be allowed to change his position with respect to a material matter in the course of litigation." *Ingram v. Power Co.,* 181 N. C., 359, 107 S. E., 209.

The court submitted the issues presented by the pleadings in a charge free from error, and the jury answered the issues in favor of the plaintiff, and the verdict supports the judgment.

On the record we find

No error.