R. D. EVERETT, D. W. EVERETT, EVELYN E. YOPP, ORA MAE KING, LILLIE EVERETT SMITH, AND HUGH VINSON EVERETT v. E. C. SANDERSON AND WIFE, MRS. E. C. SANDERSON.

(Filed 11 November, 1953.)

1. **Adverse Possession § 19—**

Evidence tending to show that defendants' grantor used the entire tract of land in question under definite boundaries for more than twenty years by putting the land to appropriate uses in keeping hogs thereon throughout the year and pasturing cattle and renting it to others for the operation of fisheries during the entire appropriate season each year, and that such use was open and notorious and under claim of right, *is held* sufficient to overrule nonsuit in plaintiffs' action to establish title to the *locus* by adverse possession. G.S. 1-40.

**2. Adverse Possession § 18—**

In an action to establish title to lands by adverse possession for twenty years, evidence indicating that claimants' grantor claimed the *locus in quo* during the statutory period is competent to show that he occupied the land under claim of right or title.

**3. Appeal and Error § 39e—**

The admission of evidence over objection cannot be held prejudicial when the witnesses in other portions of their examinations testify to the same import without objection.

APPEAL by defendants from *Grady, Emergency Judge,* at June Special Term, 1953, of ONSLOW.

Civil action involving the title to realty.

For convenience of narration, R. D. Everett, D. W. Everett, Evelyn E. Yopp, Ora Mae King, Lillie Everett Smith, and Hugh Vinson Everett are called the plaintiffs, and E. C. Sanderson and Mrs. E. C. Sanderson are designated as the defendants.

The pleadings of the parties put in issue the ownership and right to possession of a tract of 210 acres adjoining the Atlantic Ocean in Stump Sound Township in Onslow County.

. The cause was tried by Judge Grady without a jury pursuant to the consent of the parties entered in the minutes. The only evidence at the trial was that presented by the plaintiffs. Judge Grady made detailed findings of fact from this evidence to the effect that the plaintiffs and their grantor, L. W. Everett, had possessed the land in dispute under known and visible lines and boundaries adversely to all other persons "for more than thirty years prior to the commencement of the action." Judge Grady concluded as a matter of law that such possession gave the plaintiffs title in fee to the land in controversy under the statute codified as G.S. 1-40, and rendered judgment accordingly. The defendants excepted and appealed, assigning errors.

*Summersill & Summersill and Moore & Corbett for plaintiffs, appellees.*
*Wyatt E. Blake for defendants, appellants.*

ERVIN, J. The defendants assert primarily that the evidence of the plaintiffs does not suffice to show adverse possession for twenty years within the purview of G.S. 1-40, and that the action ought to have been involuntarily nonsuited on that ground in the trial court.

When the evidence is interpreted in the light most favorable to the plaintiffs, it discloses these facts :

1. On 12 January, 1948, L. W. Everett executed a deed sufficient in form to convey the 210 acres to the plaintiffs in fee.

2. For at least thirty-five consecutive years antedating his deed, L. W. Everett put the 210 acres to the only uses to which they could then be applied. In so doing, he kept and fed hogs on the land throughout each year; he pastured cattle on the land during the entire grazing season of each year; and he permitted rent-paying tenants to operate fisheries on the land during the entire fishing season of each year. He maintained hog-pens and a fish house on the land in connection with these operations. Moreover, he cut cedar trees on the land when he could find a market for cedar posts.

3. The activities of L. W. Everett and his rent-paying tenants on the 210 acres were carried on openly and publicly, and were known to all the people in the vicinity of the premises.

4. In carrying on their activities, L. W. Everett and his rent-paying tenants employed the entire 210 acres, whose external boundaries were plainly delineated by a fence, a high hill, and the waters of the ocean and a bay.

5. During the entire period specified in paragraph 2, L. W. Everett openly and publicly claimed title in fee to the 210 acres, and excluded from them those persons who undertook to enter upon them without his permission.

6. The defendants entered upon the 210 acres against the will of the plaintiffs a few months before the issuance of the summons.

A just and learned judge, the late *Justice Platt D. Walker,* gave us this celebrated definition of adverse possession in the leading case of *Locklear v. Savage,* 159 N.C. 236, 74 S.E. 347: "What is adverse possession within the meaning of the law has been well settled by our decisions. It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner."

When the facts in evidence are laid alongside this famous definition, it is manifest that the trial judge rightly refused to dismiss the action upon a compulsory nonsuit. The facts are ample to show that the grantor of the plaintiffs was in the actual possession of the *locus in quo* under known and visible lines and boundaries for the full statutory period of twenty years, and that his actual possession during the entire statutory period was open, notorious, and visible, exclusive, continuous, and uninterrupted, and under claim of right or title by him. G.S. 1-40; *Alexander*

*v. Cedar Works,* 177 N.C. 137, 98 S.E. 312; *Wall v. Wall,* 142 N.C. 387, 55 S.E. 283; *Loftin v. Cobb,* 46 N.C. 406; *Bynum v. Carter,* 26 N.C. 310; *Williams v. Buchanan,* 23 N.C. 535, 35 Am. Dec. 760; *Simpson v. Blount,* 14 N.C. 34; *Carter v. Stewart,* 149 Ark. 189, 231 S.W. 887, 232 S.W. 936; *Kellogg v. Huffman,* 137 Cal. App. 278, 30 P. 2d 593; *Berry v. Cohn,* 47 Cal. App. 19, 189 P. 1044; *McRae v. Ketchum,* 138 Fla. 610, 189 So. 853; *Davis v. Haines,* 349 Ill. 622, 182 N.E. 718; *O'Banion v. Simpson,* 44 Nev. 188, 191 P. 1083; *Fulton v. Rapp,* ...... Ohio App. . ... ., 98 N.E. 2d 430.

The defendants insist secondarily that the trial judge committed reversible error in admitting testimony over their objections, and that they are entitled to have the cause tried anew on that account.

This position is insupportable. The evidence indicating that L. W. Everett claimed the *locus in quo* during the possessory period was admissible to show that he occupied the premises under a claim of right or title. *Bunch v. Bridgers,* 101 N.C. 58, 7 S.E. 584; *Phipps v. Pierce,* 94 N.C. 514; *Smith v. Reid,* 51 N.C. 494; Stansbury on North Carolina Evidence, section 160. The testimony of some of the witnesses that it was generally reputed in the community during the possessory period that the *locus in quo* belonged to L. W. Everett was not competent to establish title. *Sullivan v. Blount,* 165 N.C. 7, 80 S.E. 892; *Locklear v. Paul,* 163 N.C. 338, 79 S.E. 617; Stansbury on North Carolina Evidence, section 148. It may be argued with much reason, however, that this testimony was rightly received to show notoriety of L. W. Everett's claim of title and notice of the same to the true owner. 2 C.J.S., Adverse Possession, Section 223. We are spared the task of making a decision on this point by the conduct of the defendants, who waived the objections covering the receipt of this particular evidence by allowing the same witnesses to testify without objection to substantially the same facts in other portions of their examinations. *Hunt v. Wooten,* 238 N.C. 42, 76 S.E. 2d 326; *Lipe v. Bank,* 236 N.C. 328, 72 S.E. 2d 759; *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179; *Spivey v. Newman,* 232 N.C. 281, 59 S.E. 2d 844.

For the reasons stated, the judgment is

Affirmed.