ROBERT RAY HOLLOWELL v. SIDNEY B. ARCHBELL.

(Filed 23 September, 1959.)

**1. Automobiles § 39—**

Nonsuit on the ground that the physical facts at the scene of the accident speak louder than the testimony of the witnesses cannot be granted when conflicting inferences can be drawn from the physical

facts, one consonant with plaintiff's evidence and the other consonant with that of defendant.

2. **Automobiles § 42f— Evidence held not to show contributory negligence as matter of law in hitting rear of defendant's decelerating vehicle.**

Where plaintiff's evidence is to the effect that defendant's car, traveling at a rapid speed in the same direction, pulled around and passed plaintiff's truck, and then, without signal, decelerated so rapidly that plaintiff could not avoid hitting the rear of the defendant's car, the opposite side of the highway being blocked by an oncoming vehicle, *is held* not to disclose contributory negligence as a matter of law notwithstanding skid marks extending 66 feet from where plaintiff's vehicle stopped and the absence of skid marks back of defendant's vehicle, since under plaintiff's evidence the fact that he was following defendant's vehicle so closely was due to defendant's act in passing and cutting in ahead of him, and diverse inferences can be drawn from the physical facts.

Higgins, J., not sitting.

Appeal by defendant from *Paul, J.,* April-May Term 1959 of Chowan.

This action grows out of a collision between a Chevrolet pickup truck owned and operated by plaintiff and a Plymouth automobile owned and operated by defendant. The collision occurred about 8:00 a.m., 26 July 1958, on U. S. Highway 17, about one and one-half miles north of Hertford, near a roadside picnic table on the west side of the highway. The highway had a paved surface of 22 feet and dirt shoulders of 18 feet. It was straight for 7/10 of a mile north of the point of collision and 3/10 of a mile south of that point. A tractor-trailer was parked near the picnic table. The tractor-trailer was completely off and five to eight feet west of the paved portion of the highway. Plaintiff and defendant were traveling southwardly. Another vehicle was traveling northwardly and in the east lane. The front of plaintiff's vehicle collided with the rear of defendant's automobile. The truck was damaged as a result of the collision. Defendant sustained personal injuries and his automobile was damaged.

Plaintiff instituted this action to recover his property damage. To support his claim he alleged that he was traveling from Elizabeth City to Hertford, operating his vehicle in a proper and prudent manner at a speed approximating 40 m.p.h.; that defendant, also traveling in a southwardly direction but at a high and unlawful rate of speed, passed plaintiff and, immediately after passing, pulled into the path of plaintiff's vehicle, suddenly and without warning applied his brakes, thereby stopping or so slowing his motor vehicle that plaintiff was unable to avoid a collision. Plaintiff predicated his right to

recover on his assertion of excessive speed, reckless driving, and a failure to give warning of defendant's intention to stop or turn off of the road.

Defendant denied plaintiff's allegations of negligence. He pleaded contributory negligence as a bar to plaintiff's action and asserted a counterclaim for personal injuries and property damage. As the basis for his affirmative pleas he alleged he was at all times to the south of plaintiff and never passed plaintiff's truck; that he decided to stop at the picnic table when he was some distance north of it and for that purpose gradually reduced his speed, which was at all times reasonable and prudent, and in due time gave proper warning by signal of his intention to turn off the highway and stop at the picnic table; and that he was, when the collision occurred, partially off the paved portion of the highway. He charged plaintiff with excessive speed, reckless driving, following too closely, and failing to keep a proper lookout.

Issues were submitted to determine (1) defendant's negligence, (2) plaintiff's contributory negligence, (3) plaintiff's damage, (4) plaintiff's negligence, and (5) defendant's damage. The jury answered the issues in accord with plaintiff's contentions. Judgment was entered thereon, and defendant appealed.

*John F. White, William S. Privott, and LeRoy, Goodwin & Wells for plaintiff, appellee.*
*John W. Graham and John H. Hall for defendant, appellant.*

RODMAN, J. The first assignment is to the refusal to sustain defendant's motions to nonsuit.

He waived his motion made at the conclusion of plaintiff's evidence by offering evidence. G.S. 1-183.

The argument in support of the motion made at the conclusion of all the evidence is thus stated in defendant's brief: "The physical facts at the scene of the collision speak louder than the testimony of plaintiff and his witnesses, and upon this basis the defendant was entitled to judgment as of nonsuit."

The physical facts on which defendant relies are depicted in the evidence offered by defendant. His evidence tends to show (1) plaintiff applied his brakes with sufficient force to make them squeal; (2) after the collision, skid marks were found on the pavement extending from the truck 66 feet to the north; (3) the Plymouth left no skid marks; (4) following the collision defendant's car traveled more than 100 feet where it struck a tree on the west side of the highway. De-

fendant contends he was knocked that distance by the violent impact; plaintiff says he traveled that distance by virtue of his own momentum.

Defendant cites and relies on *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209, in support of his motion. The distinction between that case and the case at bar is readily apparent. There, admittedly, plaintiff's truck was following defendant's bus very closely — so closely that plaintiff could not stop in the distance separating the vehicles. Here, if the jury accepted plaintiff's version of the facts, the short distance separating the vehicles was caused by defendant's act in passing and cutting in ahead of plaintiff. There, plaintiff was not confronted with oncoming traffic; he could have turned to his left and prevented the collision. Here, no such choice was open to plaintiff—according to his evidence a vehicle was approaching from the south. There, the physical facts were used to amplify and explain plaintiff's evidence. Here, defendant frankly suggests using his description of the physical facts, with his interpretation of those facts to rob the evidence of plaintiff and his witnesses of probative force. The evidence for plaintiff and defendant painted different pictures. This disagreement with respect to the facts required a submission of appropriate issues to the jury. *Beauchamp v. Clark*, 250 N. C. 132; *Jernigan v. Jernigan*, 236 N. C. 430, 72 S. E. 2d 912; *Winfield v. Smith*, 230 N.C. 392, 53 S.E. 2d 251.

Defendant assigns as error the court's statement directing attention to two statutes relating to the operation of motor vehicles, which statement is followed by a delineation of the operator's duty under G.S. 20-141 and 154. The contention is made that the court thereby unduly restricted the jury in answering the issue as to contributory negligence. The assignment is without merit. The statement was not specifically directed to the second issue. It was merely a portion of the charge relating to the duties of any operator of a motor vehicle applicable to both the first and second issues. Other portions of the charge, without specifically referring to the statutes by number, accurately and adequately covered the field.

The assignment of error relating to the charge on the issue of contributory negligence is without merit. It gave defendant's contention with respect to the facts and properly and adequately described plaintiff's duty in the operation of his vehicle. The jury were told that a failure on plaintiff's part to perform his duty, thereby proximately contributing to the collision and damages, would require an affirmative answer.

The charge covered the questions at issue and correctly applied the law thereto.

No error.

HIGGINS, J., not sitting.