MELVIN A. SHORT v. CENTRAL BUS SALES CORPORATION, A CORPORATION, AND OLYMPIC BUS SALES, INC., A CORPORATION.

(Filed 20 March 1963.)

**1. Pleadings § 15—**
    A demurrer *ore tenus* which fails to specify the grounds of objection may be disregarded. G.S. 1-128.

**2. Pleadings § 13—**
    The filing of answer waives all grounds for demurrer except want of jurisdiction or failure of the complaint to state a cause of action.

**3. Trial § 20—**
    Where motion to nonsuit is not renewed after the introduction of evidence by defendant, defendant waives the matter. G.S. 1-183.

APPEAL by defendants from *Froneberger, J.,* 7 January 1963 Schedule B Civil Term of MECKLENBURG.

Civil action to recover $880.00 allegedly due as salary from defendants, and also $250.00 allegedly due from defendants as a commission in the sale of a 1948 G.M.C. bus, in which an ancillary order of attachment was issued.

The jury found by its verdict that the defendants are indebted to the plaintiff in the sum of $1,130.00 with interest from 28 July 1960.

The judgment entered recites that it appears to the court that Fidelity and Deposit Company of Maryland has executed and filed in the case a bond agreeing to pay any judgment up to $1,250.00. This bond is not in the record.

From the judgment entered that plaintiff have and recover from the defendants and from Fidelity and Deposit Company of Maryland, jointly and severally, the sum of $1,130.00, with interest, together with the costs of the action, except that the liability of Fidelity and Deposit Company of Maryland shall be discharged upon the payment of $1,250.00 upon this judgment, defendants appeal.

*Plumides & Plumides by Michael G. Plumides for defendant appellants.*

*Myers & Rush by Charles T. Myers for plaintiff appellee.*

PER CURIAM. Defendants filed a joint answer. Defendants assign as error the court's overruling their demurrer *ore tenus* made at the trial prior to the introduction of evidence. The demurrer *ore tenus* did not specify, so far as the record shows, any ground of objection to the complaint, and consequently it "may be disregarded." G.S. 1-128; *Adams v. College,* 247 N.C. 648, 101 S.E. 2d 809. Regardless of that, the record shows that the court had jurisdiction over the subject matter of the action and of the parties, and a study of the complaint shows that it states facts sufficient to constitute a cause of action. Consequently, the complaint cannot be overthrown by a demurrer *ore tenus* after answer by defendants has been filed. G.S. 1-134; *Cherry v. R.R.,* 185 N.C. 90, 116 S.E. 192; *Roberts v. Grogan,* 222 N.C. 30, 21 S.E. 2d 829. This assignment of error is overruled.

Defendants assign as error the overruling of their motion for judgment of nonsuit made at the close of plaintiff's evidence. Defendants then introduced evidence, but did not renew their motion for judgment of nonsuit. By introducing evidence, they waived their motion for judgment of nonsuit made at the close of plaintiff's evidence. G.S. 1-183; *Hollowell v. Archbell,* 250 N.C. 716, 110 S.E. 2d 262. However, plaintiff's evidence was sufficient to carry the case to the jury, even if

defendants had renewed their motion for judgment of nonsuit at the close of all the evidence.

Defendants' other assignments of error are without merit, deserve no discussion, and all are overruled.

After the answer had been filed, defendants' present counsel of record were permitted by an order of the court to withdraw as counsel of record for the defendants because the defendants had not paid them any fee at all. At the 5 February 1962 Schedule B Civil Term there was a trial of this case and the jury found by its verdict that the defendants were indebted to the plaintiff in the sum of $1,130.00, with interest from 28 July 1960, and judgment at that term was entered upon the verdict. At the 14 May 1962 Special Civil Term the judge presiding entered an order setting this verdict and judgment aside on the ground that the clerk of Mecklenburg County did not inform the defendants that their case was pending for trial after counsel for defendants were relieved of their responsibility, and that the defendants did not have an opportunity to employ other counsel or have their day in court before it was tried at the 5 February 1962 Schedule B Civil Term. The record is in a very unsatisfactory condition. For instance, it does not have the summons issued in the case, the organization of the court, etc.

In the trial below we find

No error.