IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-122

No. 515A20

Filed 29 October 2021

PLANTATION BUILDING OF WILMINGTON, INC.

v.

TOWN OF LELAND

Appeal pursuant to N.C.G.S. § 7A-27(a) from orders entered on 19 August 2020 by Judge Jason C. Disbrow in Superior Court, Brunswick County. Heard in the Supreme Court on 30 August 2021.

*Mark R. Sigmon, Daniel K. Bryson, Martha A. Geer, Scott C. Harris, J. Hunter Bryson, and Christopher M. Theriault for plaintiff-appellee.*

*Stephen V. Carey, Charles C. Meeker, Corri A. Hopkins, Dan M. Hartzog Jr., Katherine Barber-Jones, and Brian E. Edes for defendant-appellant.*

*Ellis & Winters LLP, by Thomas H. Segars, Joseph D. Hammond, and Scottie Forbes Lee, for North Carolina Association of Defense Attorneys, amicus curiae.*

BARRINGER, Justice.

¶ 1    In this matter, we must address whether the trial court erred when it granted a motion for class certification filed after a summary judgment motion had been granted in plaintiff Plantation Building of Wilmington, Inc.'s favor. On the record before us, we conclude no reversible error occurred as defendant, Town of Leland, waived any objection that it may have had to the purported error.

¶ 2    In this matter and as relevant to the issue before us, defendant consented to

and joined in a motion for continuance filed by plaintiff, which indicated that the parties had agreed to file cross-motions for summary judgment and address class certification if the matter was not resolved during the summary judgment stage. The trial court granted the motion for continuance. Thereafter, plaintiff and defendant filed motions for summary judgment on 27 February 2020 and 4 March 2020 respectively. The trial court heard arguments from both parties on their respective motions for summary judgment at a hearing on 9 March 2020. On 12 March 2020, the trial court granted plaintiff's motion for summary judgment, resolving the issue of liability but not the issue of damages and effectively denying defendant's motion for summary judgment. Thereafter, plaintiff filed a motion for class certification. Defendant then filed a motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, objecting for the first time to the trial court addressing a motion for class certification after resolving the motions for summary judgment, as well as two other motions. On 19 August 2020, after a hearing on the motions, the trial court granted plaintiff's motion for class certification and denied defendant's motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure and the two other motions filed by defendant. Defendant then appealed to this Court.

¶ 3     Since the motion for continuance identifies that the issue of class certification would be resolved after addressing the cross-motions for summary judgment and

expressly states that "[b]oth parties to this action join in and consent to this Motion" and since the parties did follow this sequence, we conclude that defendant waived any objection that it may have had to the trial court granting plaintiff's motion for class certification after granting plaintiff's summary judgment motion. *See Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 26 (2004) ("[A] party to a suit should not be allowed to change his position with respect to a material matter in the course of litigation." (quoting *Roberts v. Grogan*, 222 N.C. 30, 33 (1942))); *Frugard v. Pritchard*, 338 N.C. 508, 512 (1994) ("A party may not complain of action which he induced."); *Klein v. Avemco Ins. Co.*, 289 N.C. 63, 68 (1975) ("Waiver sometimes has the characteristics of estoppel and sometimes of contract, but it is always based upon an express or implied agreement. There must always be an intention to relinquish a right, advantage, or benefit. The intention to waive may be expressed or implied from acts or conduct that naturally lead the other party to believe that the right has been intentionally given up."); *Clement v. Clement*, 230 N.C. 636, 639 (1949) ("A person *sui juris* may waive practically any right he has unless forbidden by law or public policy. The term, therefore, covers every conceivable right—those relating to procedure and remedy as well as those connected with the substantial subject of contracts."). Accordingly, no reversible error occurred, and we need not address defendant's remaining arguments.

AFFIRMED.