IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-122

 No. 515A20

 Filed 29 October 2021

 PLANTATION BUILDING OF WILMINGTON, INC.

 v.
 TOWN OF LELAND

 Appeal pursuant to N.C.G.S. § 7A-27(a) from orders entered on 19 August 2020

 by Judge Jason C. Disbrow in Superior Court, Brunswick County. Heard in the

 Supreme Court on 30 August 2021.

 Mark R. Sigmon, Daniel K. Bryson, Martha A. Geer, Scott C. Harris, J. Hunter
 Bryson, and Christopher M. Theriault for plaintiff-appellee.

 Stephen V. Carey, Charles C. Meeker, Corri A. Hopkins, Dan M. Hartzog Jr.,
 Katherine Barber-Jones, and Brian E. Edes for defendant-appellant.

 Ellis & Winters LLP, by Thomas H. Segars, Joseph D. Hammond, and Scottie
 Forbes Lee, for North Carolina Association of Defense Attorneys, amicus curiae.

 BARRINGER, Justice.

¶1 In this matter, we must address whether the trial court erred when it granted

 a motion for class certification filed after a summary judgment motion had been

 granted in plaintiff Plantation Building of Wilmington, Inc.’s favor. On the record

 before us, we conclude no reversible error occurred as defendant, Town of Leland,

 waived any objection that it may have had to the purported error.

¶2 In this matter and as relevant to the issue before us, defendant consented to
 PLANTATION BLDG. OF WILMINGTON, INC. V. TOWN OF LELAND

 2021-NCSC-122

 Opinion of the Court

 and joined in a motion for continuance filed by plaintiff, which indicated that the

 parties had agreed to file cross-motions for summary judgment and address class

 certification if the matter was not resolved during the summary judgment stage. The

 trial court granted the motion for continuance. Thereafter, plaintiff and defendant

 filed motions for summary judgment on 27 February 2020 and 4 March 2020

 respectively. The trial court heard arguments from both parties on their respective

 motions for summary judgment at a hearing on 9 March 2020. On 12 March 2020,

 the trial court granted plaintiff’s motion for summary judgment, resolving the issue

 of liability but not the issue of damages and effectively denying defendant’s motion

 for summary judgment. Thereafter, plaintiff filed a motion for class certification.

 Defendant then filed a motion to dismiss pursuant to Rule 12(b)(1) of the North

 Carolina Rules of Civil Procedure, objecting for the first time to the trial court

 addressing a motion for class certification after resolving the motions for summary

 judgment, as well as two other motions. On 19 August 2020, after a hearing on the

 motions, the trial court granted plaintiff’s motion for class certification and denied

 defendant’s motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules

 of Civil Procedure and the two other motions filed by defendant. Defendant then

 appealed to this Court.

¶3 Since the motion for continuance identifies that the issue of class certification

 would be resolved after addressing the cross-motions for summary judgment and
 PLANTATION BLDG. OF WILMINGTON, INC. V. TOWN OF LELAND

 2021-NCSC-122

 Opinion of the Court

expressly states that “[b]oth parties to this action join in and consent to this Motion”

and since the parties did follow this sequence, we conclude that defendant waived

any objection that it may have had to the trial court granting plaintiff’s motion for

class certification after granting plaintiff’s summary judgment motion. See Whitacre

P’ship v. Biosignia, Inc., 358 N.C. 1, 26 (2004) (“[A] party to a suit should not be

allowed to change his position with respect to a material matter in the course of

litigation.” (quoting Roberts v. Grogan, 222 N.C. 30, 33 (1942))); Frugard v. Pritchard,

338 N.C. 508, 512 (1994) (“A party may not complain of action which he induced.”);

Klein v. Avemco Ins. Co., 289 N.C. 63, 68 (1975) (“Waiver sometimes has the

characteristics of estoppel and sometimes of contract, but it is always based upon an

express or implied agreement. There must always be an intention to relinquish a

right, advantage, or benefit. The intention to waive may be expressed or implied from

acts or conduct that naturally lead the other party to believe that the right has been

intentionally given up.”); Clement v. Clement, 230 N.C. 636, 639 (1949) (“A person sui

juris may waive practically any right he has unless forbidden by law or public policy.

The term, therefore, covers every conceivable right—those relating to procedure and

remedy as well as those connected with the substantial subject of contracts.”).

Accordingly, no reversible error occurred, and we need not address defendant’s

remaining arguments.

 AFFIRMED.